W. T. Campbell et al. v. Frank Trimble.

No. 2891.
</div>

1. **Venue in Trespass.**—Where a trespass is the cause of action suit may be brought in the county where it was committed.

2. **Negligence—Charge.**—It is error to charge as matter of law what facts constitute negligence.

3. **Vicious Animal.**—In a suit for damages against the owner of a vicious horse, which at a fair kicked a colt, thereby causing its death, it would not affect the owner's liability that the servant in charge of the horse had temporarily put the horse in control of another, and while in such control the injury was inflicted.

Appeal from Navarro. Tried below before Hon. Rufus Hardy. The opinion states the case.

*Lee, Call & Greer,* for appellants.—1. No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile. Rev. Stats., art. 1198.

2. In the absence of law defining acts which constitute negligence, it is a fact to be found by the jury on evidence, and it is error for the trial judge to instruct the jury as to what acts constituted negligence, when the law is silent as to such acts. Railway v. Murphy, 46 Texas, 366; Railway v. Miller, 51 Texas, 275.

3. The principal is not responsible for the acts of a third party temporarily employed by his (the principal's) servant, unless he, the principal, has knowledge of the fact that such under servant has been employed and thereby acquieses in and approved said employment. Whitaker's Smith on Neg., p. 162; Simmons v. Monier, 29 Barb., 419.

*Croft & Croft,* for appellee. — 1. The petition shows that the negli-

gence, trespass, and injuries of which plaintiff below complained occurred in Navarro County. Sayles' Rev. Stats., art. 1198, sec. 8, and cases cited; Hubbard v. Lord, 59 Texas, 384; Armendiaz v. Stellman, 54 Texas, 623; Cook v. Hortsman, 2 Ct. App. C. C., sec. 770, 771; 2 Bouv. Law Dic., 599.

2. The court below in charge complained of did not assume that anything was proven, and it was not a charge upon the weight of evidence, but was only applicable to the testimony, and left the jury to find the truth of the facts and determine them for themselves. Railway v. Leak, 64 Texas, 658; Railway v. Evansich, 61 Texas, 5; Railway v. Hardin, 62 Texas, 373.

3. The master is liable for the acts of his servants and for those employed by his servants. Simmons v. Monier, 29 Barb., 419; Booth v. Mister, 7 C. & T., 66; Whitaker's Smith on Neg., 161–64, and cases cited.

HENRY, ASSOCIATE JUSTICE.—This suit was brought in the District Court of Navarro County by Frank Trimble against W. T. Campbell, J. T. O'Connor, and W. M. C. Hill, who reside in Dallas County, and Kit Davis, who resides in Denton County, Texas, for damages for the value of a certain colt owned by plaintiff, and alleged to have been kicked by defendants' horse, on the fair grounds in the city of Corsicana, from which injury said colt afterwards died.

The defendants, by demurrer, objected to the jurisdiction of the court on the ground that the petition showed that none of them resided in Navarro County.

As a trespass charged to have been committed in said county was the foundation of the suit the jurisdiction existed, and the demurrer was properly overruled.

The court charged the jury as follows: "If you find that said horse was a vicious animal, and that defendants owned said animal, and that said animal was at the time of kicking the plaintiff's colt in charge of the servant of defendants, and that said servant knew, or by reasonable diligence could have known of said vicious character of said animal, then the leading by said servant of such animal within a few feet of or very close to plaintiff's colt, whereby said animal kicked said colt and broke the leg of said colt, would be such negligence and carelessness on part of said servant as would make the defendants liable."

The objection to this charge is that it decides as matter of law what facts constitute negligence, when under repeated decisions of this court that question ought to have been left to the decision of the jury under proper instructions. Railway v. Murphy, 46 Texas, 336; Railway v. Hill, 71 Texas, 459.

Appellants contend that the verdict is not sustained by the evidence, because it was proved that at the time the injury was inflicted their horse

had been temporarily put in charge of another person by their servant who had charge of him, without their knowledge or consent. We do not think this fact should in any manner affect the result.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 29, 1889.