## A. J. ANDERSON & CO., Inc., v. REICH.*
### (No. 512–3948.)

(Commission of Appeals of Texas, Section A. March 26, 1924.)

**1. Negligence ⚫136(14) — Province of jury stated.**

In the absence of a law defining facts constituting it, negligence is a fact determined by the jury from the evidence, unless no reasonable mind could reach any conclusion other than that the acts claimed to be negligent were such that no ordinarily prudent person would commit them under surrounding circumstances.

**2. Explosives ⚫9—Negligence in selling gunpowder to minor held for jury.**

In an action against a corporation for injuries to minor from sale of gunpowder, whether an ordinarily prudent person would have made the sale, under similar circumstances, *held* for jury.

**3. Trial ⚫140(2)—Credibility of testimony of minor witnesses held for jury.**

In an action against a corporation for injuries to a minor from sale of gunpowder, credibility of testimony of the minor and another minor, that at the time of purchase the injured minor informed the clerk that he intended to use it as an explosive, was for the jury.

**4. Trial ⚫194(16)—Instruction that particular facts would constitute negligence held erroneous as on weight of evidence.**

In an action against a corporation for injuries to a minor from sale of gunpowder, an instruction that if the jury believed, from the evidence, that defendant sold and delivered gunpowder to plaintiff, that plaintiff was inexperienced in its handling and did not have sufficient discretion to handle such powder without danger, and defendant knew of such facts, or could have known them by exercising ordinary care, and knew that plaintiff intended to use powder as explosive, such conduct would constitute negligence, was erroneous as on the weight of evidence, since such facts would not constitute negligence per se, unless a person of ordinary prudence would not have made the sale under the circumstances.

**5. Trial ⚫206, 253(7) — In instructing that specific group of facts would establish pleaded issue, court must include all material facts.**

If a case is submitted on the law, and not on special issues, and a specific group of facts, if true, would, in law, establish some material pleaded issue, it is proper to so instruct the jury, and it is error to refuse to do so on presentation and request of a correct charge; but the omission of material facts from such grouping will render the charge erroneous.

**6. Trial ⚫215—Court should instruct as to law arising on facts only when case not submitted on special issues of fact.**

Only when a trial judge submits a charge on the law of the case, and not on special issues of fact, is he required to decide on and instruct the jury as to the law arising on the facts.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Adrian Bynum, by next friend, Florence Reich, against A. J. Anderson & Co., Inc. Judgment for plaintiff was affirmed by the Court of Civil Appeals (249 S. W. 298), and defendant brings error. Reversed and remanded.

Marvin H. Brown and Chas. T. Rowland, both of Fort Worth, for plaintiff in error.

Capps, Cantey, Hanger & Short, of Fort Worth, for defendant in error.

BISHOP, J. This suit was instituted by defendant in error, as next friend of her minor son, Adrian Bynum, against plaintiff in error for damages sustained by said minor by the explosion of gunpowder purchased by him from plaintiff in error. In her petition she alleged that said minor was nine years of age, without experience in the purchase or use of gunpowder, or other explosives, and not aware of the danger of handling or using same, which was fully known to plaintiff in error; that on the 24th day of December, 1919, the plaintiff in error, its agent and employee whose name was unknown to defendant in error, sold to said minor about one-third of a pound of gunpowder, after being informed by said minor of his intention to use the same as an explosive, without regard for his personal safety; that such sale was negligence on the part of plaintiff in error, in that he sold same to said "minor child and person of inexperience, and without knowledge in the handling of same"; that said minor, following the direction of plaintiff in error, placed said gunpowder in a can and ignited the same by applying a match thereto, and was seriously injured by reason of the explosion thereof.

Issue having been joined, the trial court submitted the case to a jury by a charge defining ordinary care, negligence, and proximate cause, and instructed the jury as follows:

"You are further instructed that if you believe from the evidence herein that the defendant, A. J. Anderson & Co., Inc., sold and delivered gunpowder to the minor plaintiff, Adrian Bynum, and if you further believe from the evidence that the said minor was inexperienced in the handling and use of said gunpowder, and that he did not have sufficient discretion to handle and use said gunpowder without danger, if any, of injuring himself, and if you further believe from the evidence that the defendant knew of such facts, if any, or in the exercise of ordi-

nary care could have known thereof, then you are instructed that such conduct on the part of the defendant would constitute negligence, as that term is used in this charge."

The court then submitted six special issues, the second of which is:

"Was the action of the defendant, in selling said gunpowder to said minor negligence as that term has been hereinabove defined to you by the court?"

The jury answered all issues in favor of defendant in error, and judgment was rendered thereon, which was by the Court of Civil Appeals affirmed. 249 S. W. 298.

It is here claimed that the giving of the above-quoted portion of the charge, in which the jury was instructed that the finding of a certain group of facts would constitute negligence, is error.

The minor, Adrian Bynum, was 10 years of age at the time he was injured. He testified that he purchased the gunpowder from one of the clerks, whom he did not know, in the store of plaintiff in error, giving a description of the person from whom he claimed to have purchased; that at the time he made the purchase he informed the clerk that he intended to place the powder in some capsules and explode same; that the one from whom he purchased advised him to put the powder in a bucket or a can and apply a match to it and it would make a loud explosion; that he placed the powder in a can and applied a match thereto and was burned and injured by reason of the explosion; that the clerk did not say to put a top on the can or bucket, but said to put it in a can or bucket and stick a match to it; that after he made the purchase and left Anderson's store, he went to Winston Bradford's house, where he was injured; that no one went with him; and that Paul Conley met him as he was going down there.

Paul Conley testified that he was with Adrian Bynum when he purchased the powder; that Adrian came by his home and asked him to go with him; that they first went to a drug store, where Adrian purchased some capsules "that you put medicine in," and then went to Anderson's store, where he purchased the powder; that after he purchased the powder, and just as they were starting to walk off, the man asked them what they were going to do with it, and Adrian said they were going to put it in capsules; that the clerk said "to put it in a little snuff box or can and make it airtight; he said it would not go off that other way"; that they then went over to Adrian's house; and that Adrian "tried to put it in a capsule and put a firecracker fuse in the capsule, and it just sizzed; that is all it did, never made no noise"; that he then left and went home to eat dinner.

The plaintiff in error introduced evidence denying that it, or any one employed by it,

knew Adrian Bynum, or ever sold him gunpowder, or directed him to put gunpowder in a can or bucket.

[1, 2] We think this charge is clearly on the weight of the evidence, and that the giving of same was reversible error. The sale of gunpowder to a minor is not prohibited by law. Negligence is a fact to be determined by the jury from the evidence in the absence of law defining the facts which constitute it, unless it can be said that no reasonable mind could, from the evidence, reach any conclusion other than that the acts claimed to be negligent were such that no ordinarily prudent person would commit under the circumstances surrounding him at the time. The charge, in effect, instructs the jury that the sale would be negligence regardless of whether plaintiff in error knew the minor would attempt to use or explode the gunpowder, and without regard as to whether an ordinarily prudent person would have made the sale under similar circumstances, which, under the evidence, were issues of fact to be determined by the jury.

[3, 4] Defendant in error alleged that plaintiff in error sold the gunpowder after being informed by the minor of his intention to use it as an explosive. The cause of action was, under the pleadings, predicated upon this allegation. It was within the province of the jury, under all the evidence, to believe, or not to believe, the testimony of Adrian Bynum and his witness that at the time of the purchase he advised the clerk who sold him the powder that he intended to use same as an explosive. But had the charge grouping the facts included this issue, we think the same would have been erroneous, for the reason that all these facts taken together would not constitute negligence per se. There would still remain the issue as to whether a person of ordinary prudence would have made the sale. Campbell v. Trimble, 75 Tex. 270, 12 S. W. 863; Railway Co. v. Murphy, 46 Tex. 356, 26 Am. Rep. 272; Railway Co. v. Miller, 51 Tex. 270; Chatham v. Jones, 69 Tex. 746, 7 S. W. 601.

[5] If a case is submitted on the law, and not on special issues, and a specific group of facts, if true, would in law establish some material issue presented by the pleadings, it is proper for the court to so instruct the jury, and is error for the court to refuse to do so on the presentation and request of a correct charge. M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058. However, the group of facts must include all the facts necessary to establish the issues. The omission of material facts renders the charge erroneous.

[6] It is only when a judge of a trial court submits a charge on the law of the case, and not on special issues of fact, that he is required to "decide on and instruct the jury as to the law arising on the facts."

In this case the trial court submitted six special issues, five of which were submitted as issues of fact. The court, however, in his charge grouped certain facts and instructed the jury that if such facts were found to be true the plaintiff in error would be deemed negligent as a matter of law, and submitted the issue of negligence, not as an issue of fact, but one of law. The jury was instructed how to answer the issue as to the negligence of plaintiff in error, if certain facts were found to exist. This character of instruction in a case submitted on special issues should not be given. T. & N. O. R. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094.

We recommend that the judgments of the Court of Civil Appeals and district court be reversed, and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.