### GIBSON v. HENDERSON.

### No. 10928.

Court of Civil Appeals of Texas. Galveston.

Feb. 1, 1940.

W. C. McClain, of Conroe, for appellant.

Gammage, Gammage & Bauer, of Houston (Charles D. Bauer, of Houston, of counsel), for appellee.

. GRAVES, Justice.

This appeal is from a $990 judgment in favor of the appellee against appellant, entered by the court below, sitting without a jury, as for damages for personal injuries found by the court to have been negligently inflicted upon the appellee in a collision between an automobile in which he was riding as a guest of one Sam Benton and appellant's truck, which was in charge of his regular driver, Bennie Burke, on October 3 of 1937, near Houston in Harris County. The decree was a general one, to the purport stated, no findings of fact nor conclusions of law having accompanied the record, nor did it appear that any were requested by either side below.

There has been filed in this court, however, a transcript in regular form, as well as a like statement of facts.

Appellant's brief thus epitomizes the sole issue as he conceives it to be involved on the appeal: "There was no issue made as to the truck belonging to the defendant, Gibson, and neither was it disputed that the witness Bennie Burke was the regular driver of said truck, and at the time of the collision, was engaged on a mission for the defendant. Issue is made as to the liabili-

ty of the principal for the acts of the sub-stitute-driver, placed in charge of the principal's truck, without the principal's knowledge and consent, while driving said truck."

The appellee, in turn, thus states the two opposing theories underlying the controversy:

"Appellee's theory of the collision, as testified to by his witnesses, was that the collision in question was wholly due to the fact that appellant's truck, traveling at a high rate of speed, without warning cut over from behind two automobiles proceeding ahead of it, crossed the center marker in the highway, got over on the side of the road on which the automobile in which appellee was a passenger was traveling, and thereupon struck said automobile in attempting to pass same when there was not sufficient space on the highway, under the circumstances, for such movement to be made in safety of all the vehicles and parties involved.

"Appellant's theory of the collision was that same was due to either an unavoidable accident, or to a new and intervening cause, by reason of a person stepping out on the highway from one of the automobiles which was moving along the highway ahead of appellant's truck, and at the same time meeting the automobile in which appellee was riding."

Appellant's single presentment, which alone he elaborates upon in his argument, materially reduces the task of this court in reviewing the judgment; the fact that there are no findings of either sort by the trial court, together with the resulting presumptions that must be indulged here on a record without them, further restricts the reaches of appellate consideration.

■ Indeed, under our practice and procedure, the general rule seems to be as thus stated in Hart v. Huie, Tex.Civ.App., 15 S.W.2d 654, at page 655: "Although the testimony and issues are voluminous, there are no findings of fact or conclusions of law by the trial court, and none seems to have been requested by either party. From this condition of the record arises the presumption that there was evidence to support every fact essential to sustain the judgment, and that the trial court resolved these facts in favor of appellee. By appealing upon such record appellant has assumed the burden of pointing out undisputed facts negativing one or more presumed findings essential to the validity of the judgment or of pointing out the absence of evidence to sup-

port such findings." See, also, 3 Texas Jurisprudence, pp. 1059-1065; Yturria Town & Improvement Co. v. Schunior et al., Tex.Civ.App., 289 S.W. 188; Clark v. Goldberg, Tex.Civ.App., 3 S.W.2d 920.

So that, upon the whole question he himself thus reduces his appeal to, appellant's burden here is to point out undisputed facts showing both that his regular driver, Bennie Burke, whom he admits to have been such, was not driving this truck at the time it struck the Benton automobile so carrying the appellee, and that, to use his own language: "Some substitute-driver, placed in charge of appellant's truck without his knowledge and consent, was driving it at the time of the collision."

It is the opinion of this court, after an examination of the statement of facts, that appellant has failed to meet this burden in either particular; in the first place, there is sufficient evidence in the record to support findings to the effect: (1) That Bennie Burke, the regular driver, was himself doing the driving when the collision happened; and (2) that, if he was not, another regular employee of the appellant for somewhat different duties had been properly designated as appellant's sub-agent by Burke for that purpose; hence, if he was actually driving the truck at the time, he was doing so as an authorized "substitute-driver", within the scope of such designation, and in furtherance of appellant's business.

■ Therefore, in either instance, the appellant would be bound for the consequences of the driving, whether done by the regular driver, Bennie Burke, or such a chosen and authorized sub-agent, Charles Simon. Some of the Texas authorities holding the principal liable in such circumstances for the acts of the sub-agent, exercising implied authority, are these: Campbell v. Trimble, 75 Tex. 270, 12 S.W. 863; Texas & Pacific Ry. Co. v. Mother, 5 Tex.Civ.App. 87, 24 S.W. 79; International & G. N. R. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039, 27 Am.St.Rep. 902; Gibson v. Texas Company, Tex.Civ.App., 20 S.W.2d 349.

■ It would serve no useful purpose, nor is it required, for this court to either set out in detail or make a resume of the evidence upon which it arrives at this conclusion; suffice it to say that it is this court's opinion that the question of whether or not appellant's regular driver, Bennie Burke, was doing this driving at the time was in-

disputably a fact issue, as well as the further one of whether or not he as such so deputized Charles Simon to take charge of the wheel of the truck just before the collision; and, so much being true, that the presumption here is the judgment was properly supported.

While under the disposition determined upon for this appeal, no written opinion is incumbent upon this tribunal, this statement of the general grounds upon which its affirmance of the action taken below is based has been made in deference to the able counsel for both sides, who have so helpfully aided—by their briefs and arguments —in the consideration of it.

Without further discussion an affirmance will be entered.

Affirmed.