**HORTON et al. v. STONE.**

No. 3166.

Court of Civil Appeals of Texas.

Waco.

May 6, 1954.

Harris & Harris, Bay City, for appellants.

Erickson, Bell & Keen, Bay City, for appellee.

HALE, Justice.

This is an attempted appeal to the Court of Civil Appeals at Galveston from a judgment of the District Court of Matagorda County. On October 29, 1953, appellee filed his motion in the Galveston Court to dismiss the appeal for want of jurisdiction, and on November 12, 1953 the motion was granted and the appeal dismissed. Thereafter, appellants filed their motion for rehearing and on December 3, 1953 the Galveston Court, on its own motion, set aside its prior order dismissing the appeal and reinstated the same with the proviso in its order that "the reinstatement of the appeal on the docket of this Court is without prejudice to appellee's right to again raise the question of this Court's jurisdiction when this cause is heard on its merits."

On January 8, 1954, the Galveston Court, pursuant to a prior order of the Supreme Court, transferred the cause to this Court and on April 14, 1954, the cause was duly submitted on written briefs of the respective parties. In appellee's brief on the merits of the appeal, he has again raised the question of the jurisdiction of the appellate courts to review the judgment of the court below.

Appellee brought the action against appellants, Horton and Janise, for the recovery of actual and exemplary damages on account of injury to his growing crop of cotton. He alleged in *substance*, among other things, that appellants were engaged in raising rice on a farm adjoining the land on which he was raising cotton during 1952; that in the month of June of that year, after his growing cotton was nearing maturity, appellants wrongfully, intentionally and wilfully sprayed their rice farm with a harmone type of herbicide which they knew was poisonous and inherently detrimental to growing cotton; that appellants knew at the time they were conducting their spraying operations that such herbicide would be carried by the prevailing wind over and upon his cotton crop; and that appellants also knew their wilful conduct in so spraying their rice field to the detriment of his growing cotton was contrary to the statutory law of Texas and to the regulations made by the Commissioner of Agriculture in pursuance thereof. Both appellants were represented by the same attorney and they jointly answered the suit of appellee with only a general denial.

The case was tried before a jury. After appellee and eight other witnesses introduced by him had testified in support of the material allegations in his petition, and after he had introduced in evidence certain exhibits, he rested his case. Neither of the appellants testified or offered to introduce any evidence. Thereupon, the trial court submitted 15 special issues to the jury. All of such issues having been answered favor-

ably to appellee, the court entered judgment against appellants, jointly and severally, on June 29, 1953, for the sum of $7,-677.06 in accordance with the findings of the jury and certain facts established by the undisputed evidence.

On July 1, 1953, appellants caused their joint motion for new trial to be filed in the court below. Neither of them thereafter filed any amended motion for new trial but on September 14th following, without any order having been entered on their original motion for new trial, the Clerk of the trial court filed what purports to be a separate appeal bond tendered on behalf of each appellant. Thereafter, on October 12, 1953, appellants caused the transcript and statement of facts to be filed in the Court of Civil Appeals at Galveston and on November 11th they also caused their joint brief to be filed in the cause.

■ In their brief appellants say the points upon which their appeal is predicated are germane to paragraphs IV and V of their motion for new trial. Paragraph IV of the motion reads as follows: "The court erred in overruling objection of defendants as to the submission of Special Issues Nos. 14 and 15." However, the transcript does not show that any objection of either appellant to the court's charge was ever presented to the court below or overruled by him. Paragraph V of appellants' motion for new trial reads as follows: "The court erred in overruling the motion of defendant, Henry J. Janise, to disregard findings on special issues." If this Court had jurisdiction to dispose of this appeal on its merits we would overrule both of the foregoing assignments of error and affirm the judgment appealed from because, among other reasons, each of such assignments, under the express provisions of Rule 322, Texas Rules of Civil Procedure, is manifestly too general and indefinite to merit or require consideration. Morrow v. Flores, Tex.Civ. App., 225 S.W.2d 621 (er. ref. n. r. e.) and authorities.

■ But we have concluded that this Court does not have jurisdiction to dispose of the case upon its merits and that appellee's motion to dismiss the appeal for want of jurisdiction must be sustained, because it appears to us that appellants failed to present their original motion for new trial to the trial judge for action within 30 days after the same was filed, as required by Rule 330(j), TRCP, and they failed to file an appeal bond within 30 days after their motion for new trial was overruled by operation of law, as required by Rule 356(a), TRCP. Alexander Motor Co. v. Pruitt, Tex.Civ.App., 198 S.W.2d 947 (er. ref.) and authorities.

Attached to appellee's motion to dismiss the appeal is an affidavit duly verified under date of October 27, 1953, by Hon. T. M. Gupton, the Judge before whom the case was tried in the court below, together with photostat copies of his docket sheet and a certificate signed by him for entry in the minutes of his court. Judge Gupton stated in his affidavit that he intended to begin his vacation on August 1, 1953. One of the attorneys for appellee called his attention to the fact that Mr. Harris, attorney for appellants, had filed a motion for new trial in the case of Stone v. Horton. On July 17th, Judge Gupton called Mr. Harris over the telephone and asked him if he was "serious" about the motion and Mr. Harris stated that he was and would expect a favorable ruling on the same. Mr. Harris then told Judge Gupton that he had heard some rumors which indicated there might have been some jury misconduct in the case and that he might want to file an amended motion. In this telephone conversation Mr. Harris did not request Judge Gupton to take any action on the motion for new trial that had been filed.

On September 4, 1953, Mr. Harris wrote Judge Gupton requesting a hearing on the motions he had previously filed in the case. In this letter Mr. Harris explained why he had been "unable to present said motions" prior to Judge Gupton's vacation.

The photostat copy of the certificates signed by Judge Gupton on October 22, 1953 and the facts stated in his affidavit show that the certificate as originally pre-

pared by Mr. Harris recited that appellants' motion for new trial was "duly called to the attention of the Court and presented for action thereon within Thirty (30) days after such filing." But before Judge Gupton signed the same he deleted the word "duly," and also "and presented for action thereon," so that the certificate as signed by the Judge recites that the motion for new trial was "called to the attention of the Court within Thirty (30) days after such filing."

In our opinion the Galveston court properly dismissed this appeal for want of jurisdiction on November 12, 1953, because the evidence submitted on the hearing of appellee's motion to dismiss the appeal, when considered in connection with the record in the cause, clearly shows that appellants did not present their original motion for action in 30 days after the filing thereof, as required by Rule 330(j), TRCP. Bingham v. Kimbrell, Tex.Civ.App., 241 S.W.2d 252 (er ref. n. r. e.); Texas Livestock Marketing Ass'n v. Rogers, Tex.Civ. App., 244 S.W.2d 859 (er. ref. n. r. e.).

 Furthermore, the record before us does not show that the Clerk of the trial court approved either of the purported appeal bonds which he filed on September 14, 1953 on behalf of each appellant, or that he estimated the probable amount of the costs of the court below, the Court of Civil Appeals, and the Supreme Court. Although the record does not show why neither of these bonds was approved by the Clerk of the trial court, it does disclose that neither bond was in a sum double the amount of the costs of the court below as revealed by the bill of court costs in the transcript. In the case of Pinkston v. Victoria Bank & Trust Co., Tex.Civ.App., 210 S.W.2d 612, it was held that the act of the Clerk in fixing the probable amount of costs and approving of an appeal bond under the provisions of Rule 354, TRCP, is essential to the validity of the bond and that an unapproved bond found in the transcript is insufficient to give the appellate court jurisdiction of the cause.

From what has been said, it follows that in our opinion this appeal should be dismissed for want of jurisdiction, and it is accordingly so ordered.