Jack L. STORY, Appellant,

v.

W. N. PARTRIDGE et al., Appellees.

No. 15780.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 25, 1957.

Rehearing Denied Feb. 22, 1957.

Nelson & Sherrod, and Eugene Sherrod, Jr., Wichita Falls, for appellant.

Jones, Parish & Fillmore; Peery & Wilson, and Kearby Peery, Wichita Falls, for appellees.

RENFRO, Justice.

The plaintiff Partridge was awarded a judgment of $42,900 against Jack Story, D/B/A Jack Story Trucking Co., for personal injuries sustained. Out of this amount the sum of $8,600 was awarded to the intervener Columbia Casualty Co.

Defendant Story was a driller, had furnished a drilling rig and was drilling a well. Walker was employed by Story. Neeld was an oil field contractor who did bulldozer work. The plaintiff Partridge was employed by Neeld.

Story, or one of his employees, requested Neeld to send a bulldozer to the premises where the well was being drilled to move a truck which was mired in mud. Partridge and Elrod were sent to remove the truck. The truck was moved to the site of the well. It was necessary to unload said truck, which had been damaged, by a gin pole truck. Partridge was on the ground and assisted, steadying the gin pole line while the damaged truck was unloaded. Partridge was to take the damaged truck to town for repairs. The gin pole truck was maneuvered in a somewhat restricted area with its rear end at the right side of the damaged truck. Some pipe or casing was laying on the ground in front of the gin pole truck and extended to the left of said truck. As Walker, driver of the gin pole truck, moved forward, the left front tire of his truck hit the right end of the pipe on the ground, causing the left end of the pipe to swing backward. The pipe hit Partridge. As a result thereof he sustained severe injuries.

In answer to issues 15, 16 and 17, the jury found the failure of Walker to turn to the right as far as possible was negligence and a proximate cause of plaintiff's injuries. Defendant attacks said issues as being without force because not supported by pleadings. The petition alleged Walker failed to turn to the right. The evidence was undisputed he did turn to the right. Over the objection of defendant, the court submitted issue 15, which inquired if Walker failed to turn to the right *as far as possible*. No trial amendment was filed by plaintiff. Since the pleadings did not allege failure to turn to the right as far as possible, and the issue was submitted over proper objection by the defendant, we do not have here a case falling under Rule 67, Texas Rules of Civil Procedure. The judgment, therefore, cannot stand on the findings of the jury under issues 15, 16 and 17,

and will be considered by us only as they may or may not aid in interpreting the verdict in the light of the other findings hereinafter discussed.

The jury, in answer to issues 18, 19 and 20, found that Walker drove the truck into the pipe or casing on the ground, that such act was negligence and a proximate cause. The evidence amply supports the findings. The defendant insists, however, that the answers to 18, 19 and 20 conflict with issues 9, 10 and 11. Issue 9 inquired if Walker drove the winch truck forward into the pipe without warning the plaintiff. The jury found that he did drive into the pipe without warning plaintiff but such action was not negligence. The defendant earnestly argues that the jury found in issue 10 the driver was not negligent in driving into the pipe, and in issue 19 that he was negligent in driving into the pipe; that the finding of negligence in issue 19 is in conflict with issues 12 and 13, wherein the jury found that Walker drove the truck forward without waiting until plaintiff had moved a sufficient distance from the pipe to be clear of danger, but such action was not negligence; and that therefore the answers was in conflict and nullify each other.

■ A verdict must be construed liberally with a view to upholding the verdict and avoiding invalidation of it. 41–B Tex. Jur., p. 453, sec. 370. Where it is possible the findings will be construed so as to give them effect and reconcile them so that they will not be in conflict. Hancock v. Sammons, Tex.Civ.App., 267 S.W.2d 252. It is the duty of the trial court, and of the appellate court, to reconcile apparent conflicts in the jury findings if this can be reasonably done in the light of the pleadings and the evidence, the *manner* (emphasis added) in which the issues were submitted, and in view of the other findings when considered as a whole. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Merritt v. King, Tex.Civ.App., 66 S.W.2d 464, error refused.

■ In construing and interpreting the verdict before us, in the light of the pleadings, the evidence and the manner of submission by the court, it is our opinion that the material question in No. 9 was whether Walker warned plaintiff he was going to drive forward, and in No. 12 was whether Walker moved forward without giving plaintiff sufficient time to move. Whether Walker was negligent in driving into the pipe under the circumstances was an ultimate fact. As the issues were worded, only in issue No. 19 could the jury answer the direct question as to whether Walker's act of driving into the pipe was negligence.

Hence, in issues unencumbered with queries concerning failure to warn, or failure to wait, the jury found the act of driving into the pipe was negligence and a proximate cause of the injury.

Viewed in the light of the rule as announced by the Supreme Court in Ford v. Carpenter, supra, it is our opinion the answers to issues 18, 19 and 20 do not conflict with the other answers.

In point four defendant contends the court erred in depriving him of full cross-examination of plaintiff's witness Neeld to show the witness' financial interest and motive in testifying for plaintiff.

Columbia Casualty Co., as Neeld's compensation carrier, had paid off a judgment to plaintiff and was an intervener in the instant suit. Neeld appeared as a witness for plaintiff in the suit.

The court apparently had instructed the attorneys not to inject insurance into the case.

In the absence of the jury, defendant's attorney questioned Neeld and two other witnesses concerning the manner in which premiums are determined in workmen's compensation insurance. Neeld testified he knew nothing about how his compensation rates were fixed, and did not know anything about the probability of his gaining any benefit if plaintiff won the instant suit. There is nothing in the record, in-

cluding the evidence offered in the absence of the jury, to indicate that Neeld did have such information.

It was held by this court in Johnson v. Willoughby, Tex.Civ.App., 183 S.W.2d 201, 204, error refused, "The fact of the settlement (in a workmen's compensation case), or the amount paid, could shed no light upon the liability of the third party, or the amount of damages recoverable against the third party. * * * Any supposed value that the fact of settlement, or the amount of it, * * * could have as proof would be more than offset by the misleading effect it would likely have upon the jury." The above language was expressly approved by the Supreme Court in Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, 813. In the latter case the court added, "Certainly it has no direct relevancy to the issues upon which the jury decides whether the third party defendants are negligent, or upon the amount of damages, if any, to be assessed against them." Under the circumstances as reflected by the record we think; and hold, that the evidence sought by defendant would have needlessly injected insurance into the case. Such cases as Aguilera v. Reynolds Well Service, Tex. Civ.App., 234 S.W.2d 282 and Barton Plumbing Company v. Johnson, Tex.Civ. App., 285 S.W.2d 780, are readily distinguishable by the facts.

The matter of cross-examination, including the conduct and extent thereof, being left largely to the discretion of the trial judge, his ruling will not be disturbed if not arbitrarily and unreasonably made. 44 Tex.Jur., p. 1146, sec. 148. Under the record before us, we cannot say the ruling of the court amounted to such denial of the rights of defendant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434. The point of error is overruled.

The remaining points concerned the refusal of the trial judge to instruct a verdict for defendant on the ground plaintiff was, as a matter of law, a volunteer; refusal of court to submit issues as to plaintiff's being a volunteer, or an accommodation helper; and refusal to sustain an exception to plaintiff's petition, which alleged plaintiff was engaged in the furtherance of his own employer's business but failed to show in what manner.

The pleading was sufficient under Rule 45, T.R.C.P.

The jury found plaintiff was an employee of Neeld, acting within the scope of his authority when injured; that Walker was an employee of defendant, acting within the scope of his employment when he requested plaintiff to assist in unloading the truck; that it was customary for employees, such as plaintiff, to render such assistance as that performed by plaintiff; that Walker had authority from defendant to enlist the assistance of plaintiff; that the work of plaintiff in helping to unload the truck was for the mutual benefit of both Neeld and defendant Story; and that plaintiff was not a special or borrowed employee of defendant Story or Walker.

Both Elrod and plaintiff Partridge testified Walker requested them to help unload the truck. Plaintiff testified it was customary for him and other employees of Neeld, when on jobs like the Story job, to do what they were requested to do. It was all for Mr. Neeld's benefit. Neeld testified he instructed his employees to do everything the pusher asked them to do when sent on a job like this. In this instance Walker was the pusher or man in charge. It was customary for his employees to cooperate in every way with other employees when on such a job. It was customary for a man working like plaintiff to so assist. Defendant Story testified Walker was more or less on his own in Story's absence. Walker was asked, "You may very well have asked them to (unload truck)?" He answered, "Certainly I might have." He further answered he just did not remember. But he admitted he signed a statement sometime subsequent to the accident, wherein he

stated, "I then asked William Partridge and Willard Elrod to help me unload the truck and then pull the truck back through the mud with the dozer." He testified, whether he asked them or not, they would have looked "awful foolish" sitting out there watching him unload the truck by himself.

The evidence supports the findings set out above.

In our opinion, under the holding in Stephens v. Mendenhall, Tex.Civ.App., 287 S.W.2d 259, the evidence did not raise the question of volunteer or accommodation helper and the court did not err in refusing to submit such issue to the jury.

Affirmed.