Cecil **TINDALL** et al., Appellants,

v.

Carmen J. **TACCONELLY** et al., Appellees.

No. 13514.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 14, 1959.

Rehearing Denied Nov. 12, 1959.

House, Mercer & House, San Antonio, for appellants.

Hofheinz, Sears, James & Burns, Houston, Archie S. Brown, San Antonio, Robert L. Sonfield, Houston, for appellees.

POPE, Justice.

Plaintiff, Carmen J. Tacconelly, recovered judgment for $19,532.86 against Cecil Tindall and Harry Ledlow, partners, for personal injuries he sustained in an automobile collision with a vehicle driven by an employee of the partnership. Everet A. Rogers intervened and recovered judgment for $2,672.61 for damages to the vehicle in which Tacconelly was riding as a passenger. The points presented by the appeal are: (1) Whether the defendants preserved any errors for the appeal; (2) whether there was evidence in support of the jury finding that defendants' employee had authority to employ assistance to drive defendants' vehicle.

Defendants were in the automobile business in San Antonio. They had eleven new Pontiacs in storage in Houston, and on June 4, 1956, Tindall phoned Wardell Morris in San Antonio and employed him to go to Houston to get the cars. Morris in turn contacted Silas Miles and arranged for him to go with him and help drive the cars from Houston to San Antonio. They boarded a bus to Houston and took two tow bars with them on the bus. They started from Houston with four cars, each driving a car and each towing one. Silas Miles, while driving three miles east of Luling on June 5, 1956, at about five o'clock in the afternoon, collided with an automobile in which plaintiff was a passenger. The jury found that Miles failed to drive on his right side of the highway, passed a car when his left side was not free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the safe operation of the vehicle approaching from the opposite direction, drove his car to the left of the highway within 100 feet of an intersecting street, drove too closely to the car in front of him, drove at an excessive rate of speed, failed to keep a proper lookout, failed to keep the car under control, failed to apply his brakes, and did not have a driver's license. These acts were negligent and proximately caused the accident. There were other findings of negligence and proximate cause.

Plaintiffs vigorously argue that defendants failed to preserve any errors, because the amended motion for new trial was too general. That motion, in three short sentences, states: (1) "The Court erred in overruling Defendants' Motion for Instructed Verdict, and more particularly paragraphs 12, 11, 6, 7, 8, 9, 10, 1, and 2 thereof. (2) The Court erred in overruling Defendants' objections and exceptions to the submission of Question No. 27. (3) The Court erred in overruling Defendants' Motion for judgment non obstante veredicto."

The grounds stated in the first two points of the motion for new trial are too general. The motion for new trial refers to the motion for instructed verdict, which, in turn, contains fifteen grounds, some of which refer generally to all thirty-one special issues. The objections to Special Issue No. 27 are eight in number. Rule 320, Texas Rules of Civil Procedure, requires a motion for new trial to specify each ground. The reason for this is that "the same might be clearly identified and understood by the trial court." Meyer v. Great American Indemnity Co., 154 Tex. 408, 279 S.W.2d 575, 578, 579. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 409, states that the word "specify" means "to mention or name in a specific or explicit manner; to tell or state precisely or in detail." The motion for new trial falls short of this requirement with respect to the general reference to the motion for instructed verdict; Rule 268, T.R.C.P.; Bauguss v. Bauguss, Tex.Civ.App., 186 S.

W.2d 384, 387; and also with respect to the reference to the objections to the charge. Horton v. Stone, Tex.Civ.App., 268 S.W.2d 247, 249; Texas Life Ins. Co. v. Jordan, Tex.Civ.App., 253 S.W.2d 906; Bauguss v. Bauguss, supra; Morrow v. Flores, Tex.Civ.App., 225 S.W.2d 621; Texas Indemnity Ins. Co. v. Warner, Tex. Civ.App., 159 S.W.2d 173; Rules 320, 321, 322, 374, T.R.C.P.

■ By reason of the generality, therefore, defendants did not inform the trial court of the claimed error with respect to the matters stated in the motion for instructed verdict, or the claimed errors with respect to Special Issue No. 27. Steed v. State, 143 Tex. 82, 183 S.W.2d 458. However, the third sentence of the motion for new trial refers to the motion for judgment non obstante veredicto which the trial court denied. The motion for judgment non obstante veredicto itself preserves the errors claimed in that motion. Rule 324, T.R.C.P.; Pickett v. Biggs, Tex.Civ.App., 307 S.W.2d 817; City of San Antonio v. Gonzales, Tex.Civ.App., 304 S.W.2d 429.

■■ But, having preserved the error by a proper motion to the trial court, the brief in this Court must assert points which direct the attention of the Court to the error relied upon. Such points, according to Rule 418, T.R.C.P., will be sufficient if they direct the attention of the Court to the error relied upon. The single point urged here, which is grounded upon and germane to the order overruling the motion for judgment non obstante veredicto, states: "The trial court erred in overruling Defendants' motion for judgment non obstante veredicto." The rule requires a point to refer to the "particular error relied upon." Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941. In United States Liability Ins. Co. v. Baggett, Tex.Civ.App., 285 S.W.2d 804, 807, the same point was urged and the Court considered it too general, saying: "If we attempted to write upon the same, we would have to write upon each of the numerous points set out in the motion for judgment non obstante veredicto, and the point would then become multifarious." Accord, Pride v. Pride, Tex.Civ.App., 318 S.W.2d 715, 720. In deciding as we do, that the point on appeal is too general and multifarious, we have tested the sufficiency of the point in line with the rule which requires us to look also to the statement and argument under the point. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482.

■ From the brief generally, we deduce that defendants contend that there is no evidence that Wardell Morris was authorized to employ assistance in driving the cars from Houston to San Antonio. Even if the point is adequate, we are of the opinion that this is not a case of "no evidence." Admittedly, Morris was defendants' employee. Mr. Tindall phoned Morris and hired him to go to Houston for the purpose of driving back some cars. He agreed to pay him $12.50 for each car returned. He gave Morris no instructions with respect to routes, how to drive, when to leave, when to return, or how to go to Houston. He gave him no instructions about disconnecting the speedometer, because he thought he, Morris, would know enough to do that. He made no arrangements for gasoline, and Morris signed a ticket and charged the fuel to defendants at the place where he picked up the cars. After the accident occurred, Morris made other trips and on the last one he took his wife along with him so she could drive the eleventh car. When questioned about his, Tindall's, knowledge that Morris would tow a car, Tindall replied: "Well, I didn't understand nothing because I didn't ask him; I just asked him to bring the cars down here to me." And the most significant evidence is the testimony of defendant Tindall that he "told him to go get the cars and bring them back * * *. I just told him to get them down here to me the best way he could." He broadly and generally conferred authority upon Morris by these instructions. An employee thus

instructed to do a task "the best way he could," has some discretion on what is the best way. In this setting, there is evidence in support of the finding that Morris had implied authority to employ assistance. Tindall testified that he was short of cars, and Morris testified that he employed Silas Miles so he could get the cars back as quickly as possible. When tested against the complaint of "no evidence," the finding is supported by the evidence. Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057; Campbell v. Trimble, 75 Tex. 270, 12 S.W. 863; Story v. Partridge, Tex.Civ.App., 298 S.W.2d 662; Gibson v. Henderson, Tex. Civ.App., 136 S.W.2d 634; Gibson v. Texas Co., Tex.Civ.App., 20 S.W.2d 349; Prince v. Taylor, Tex.Civ.App., 171 S.W. 826, 828; Waggaman v. General Finance Company, 3 Cir., 116 F.2d 254; 57 C.J.S. Master and Servant § 564.

The judgment is affirmed.