Harvey Everett **KIDD**, Appellant,

v.

**LONE STAR GAS COMPANY et al.,**
**Appellees.**

No. 16891.

Court of Civil Appeals of Texas.

Dallas.

March 24, 1967.

Rehearing Denied April 20, 1967.

Elliott & Nall, Russell Dunn, Sherman, for appellant.

James E. Henderson, of Henderson, Bryant & Wolfe, Sherman, for appellees.

CLAUDE WILLIAMS, Justice.

Action for personal injuries. Harvey Everett Kidd brought this action against Lone Star Gas Company and J. W. "Bill" Christie, Inc., alleging that they, or either of them, had negligently caused his wife, Dorothy Jane Kidd, to sustain personal injuries when she tripped over a pipe in the front yard of her home in Sherman, Grayson County, Texas, on the night of August 19, 1965. It was alleged that on and prior to the day in question plaintiff and his wife were residing at 911 East Brockett Street in Sherman, Texas; that on said date, and for many days prior thereto, the defendants were engaged in constructing and laying a gas pipe line along the north side of East Brockett Street; that in the laying of said pipe line, the defendants caused to be dug a hole or tunnel underneath Brockett Street from the north to the south side and that in order to dig said tunnel the defendants caused a ditch to be dug in plaintiff's front yard, near and parallel to plaintiff's driveway; that such ditch was dug during the day of August 19, 1965 at a time when plaintiff and his wife had gone to Gainesville, Texas. Plaintiff further alleged that when he and his wife returned from Gainesville to their residence at about nine o'clock p. m. they did

not know that the ditch had been dug by the defendants in their yard parallel with the driveway; that plaintiff drove his automobile into his driveway to a place near his front porch and stopped, after which Mrs. Kidd alighted from their automobile and walked to the rear to walk around it in order to reach her front steps; that as she was walking she tripped over a pipe which was laying at an angle and this caused her to fall and sustain injuries. Various acts of negligence were asserted against both defendants including failure to warn of the presence of the pipe which was extending beyond the ditch in the yard.

Both defendants answered and leveled various acts of contributory negligence against both Mr. and Mrs. Kidd. Defendant Lone Star Gas Company contended, inter alia, that the pipe laying work had been done by J. W. "Bill" Christie, Inc., which was an independent contractor and therefore it was not liable for any alleged acts of negligence committed by its co-defendant.

At the conclusion of the testimony in a jury trial defendant Lone Star Gas Company moved for an instructed verdict which motion was sustained.

The jury, in response to special issues submitted to them, made the following findings: (1) that J. W. "Bill' Christie, Inc. failed to give Mrs. Kidd an adequate warning of the location of the pipe in the yard; (2) that such failure was negligence and (3) such negligence was a proximate cause of the injuries sustained by Mrs. Kidd; (4) that Christie, Inc. failed to place barricades along the pipe in question; (5) that such failure was negligence and (6) such negligence was a proximate cause of Mrs. Kidd's injuries; (7) that Christie, Inc. failed to have the area where the ditch was dug timely lighted; (8) that such failure was negligence; and (9) such negligence was a proximate cause of Mrs. Kidd's injuries; (10) that Mrs. Kidd did not fail to keep a proper lookout at the time, place and on the occasion in question; (12) that at the time, place and on the occasion in question Harvey Everett Kidd failed to keep a proper lookout and (13) such failure was a proximate cause of the injuries sustained by Mrs. Kidd; (14) that Mr. Kidd failed to leave the automobile lights on until Mrs. Kidd reached the house; and (15) such failure to do so was negligence but (16) such negligence was not a proximate cause of the injuries sustained by Mrs. Kidd; (17) that Mrs. Kidd walked to the rear of the automobile instead of the front thereof; but (18) such conduct on her part was not negligence; (20) that Mr. Kidd failed to warn his wife on the occasion in question to avoid the construction; but (21) such failure was not negligence on his part; (23) that on the occasion in question Harvey Everett Kidd failed to instruct his wife to walk in front of the car rather than behind it but (24) such failure was not negligence; (26) that on the occasion in question Harvey Everett Kidd failed to provide light for Mrs. Kidd to walk across the yard but (27) such failure on his part was not negligence; (28–A) that on the occasion in question Harvey Everett Kidd did not park his car at an improper location in the driveway; (29) that $5,000 would reasonably and fairly compensate Mr. Kidd for the injuries sustained by his wife and (30) $285 would compensate the plaintiff for doctor and medical bills incurred as a result of the injuries.

Plaintiff timely filed his motion requesting the court to set aside and disregard the jury's answer to Special Issues 12 and 13 and enter judgment for him based upon the remaining jury findings. This motion was overruled and thereafter the court proceeded to render judgment denying plaintiff any recovery against either defendant.

Appellant brings to this court no points of error complaining of the action of the trial court in sustaining Lone Star Gas

Company's motion for instructed verdict and denying him any recovery against such defendant in the trial court. Accordingly, this portion of the judgment is affirmed.

Contending that the trial court should not have submitted to the jury Special Issues 12 and 13 and further that the trial court should have disregarded the answers of the jury to said issues, appellant asks us to reverse and render judgment in his favor based upon the remaining answers of the jury as above related.

Appellant's point 1 is as follows:

"This case should be reversed and rendered in favor of appellant, because the trial court erred in submitting to the jury Special Issues Nos. 12 and 13 over objections and exceptions of plaintiff."

█ Appellee contends that we should not consider this point because it does not comply with Rule 418(b), Vernon's Texas Rules of Civil Procedure, in that it does not specify any specific error complained of. Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909; Horton v. Stone, Tex.Civ. App., 268 S.W.2d 247; and Texas Life Ins. Co. v. Jordan, Tex.Civ.App., 253 S.W.2d 906. Appellee further points out that a reading of appellant's argument under his point 1 demonstrates that his principal contention is that Issues 12 and 13 were duplications of other special issues submitted to the jury on the question of various elements of proper lookout and that none of these contentions were contained in the objections and exceptions to the court's charge. Our examination of the record supports appellee's contention in this regard. The entire burden of appellant's argument under his point 1 rests on the proposition that having submitted various fragmented issues relating to improper lookout the trial court should not have submitted the broad general issue of lookout as reflected in Special Issue No. 12. However, the objections and exceptions leveled at Special Issue No. 12

prior to its submission to the jury do not contain such complaints. Accordingly, we sustain appellee's objection to our consideration of point 1.

By his point 2 appellant says:

"This case should be reversed and rendered in favor of the appellant because the trial court erred in refusing to grant Plaintiff's Motion to Disregard Jury Findings as to Special Issues Nos. 12 and 13."

Again, appellee objects to our consideration of this issue as being multifarious and not specifying the particular error complained of and alleged in the motion for judgment non obstante veredicto. In compliance with the rule announced by our Supreme Court in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, and frequently applied in opinions of this court, we have carefully examined the statement and argument following appellant's second point in an effort to ascertain the exact basis of his complaint. Having done so we are convinced that both in his motion for judgment non obstante veredicto and in his point of error, as briefed, appellant contends that there was no evidence of probative value to support the answers of the jury to Special Issues 12 and 13 and therefore, pursuant to Rule 301, T.R.C.P., such answers should be disregarded and judgment rendered upon the remainder of the verdict.

█ Being a "no evidence" point, and therefore one of law, we apply the rule pronounced by our Supreme Court in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, by considering only evidence favorable to the verdict and indulging every legitimate conclusion in its favor. Associated Sawmills, Inc. v. Peterson, Tex.Civ.App., 366 S.W.2d 844.

A brief statement is necessary. Appellant and his wife left their home on the morning of August 19, 1965 to drive to Gainesville,

Texas for a visit. At that time there was no excavation in appellant's yard nor was the pipe in question on the premises. A ditch had previously been dug but had been covered up. Some workmen were in the vicinity obviously preparing to do some work but appellant denied that he knew that these men were going to dig another ditch in his yard. That night, about nine o'clock p. m., appellant and his wife returned to their home. Appellant was driving the family automobile with his wife riding in the front seat with him. Their two very small children were riding in the back seat of the car. It was a dark night and the evidence seems to be undisputed that the street light on the corner was either insufficient or due to foliage of trees did not illuminate the front yard of appellant's residence. As appellant approached his house his headlights were on but he stated that as he made his turn to drive into his driveway he did not see the barricades or excavation in his yard. Appellant drove his automobile into the driveway and parked the same so that the front end thereof was near the front porch of the house. Appellant alighted from the left side of his car, took his two children from the back seat, and proceeded to carry them to the front porch and into his house. At the same time, appellant's wife alighted from the right side of the car and walked around the back of the car and towards the house at which time she tripped and fell over a black pipe extending several feet beyond a ditch which had been dug that day by appellee's employees. Appellant's front yard was unlighted and he testified his first knowledge of the existence of the pipe in his front yard was after he helped his wife into the house and returned to search for the cause of her fall. Issue No. 12 inquired of the jury, "Do you find from a preponderance of the evidence that at the time, place, and on the occasion in question, Harvey Everett Kidd failed to keep a proper lookout (as defined herein)? for", with the word "for" crossed out exactly as shown. Issue No. 13 inquired as to whether such failure to keep a proper lookout as inquired about

in Issue No. 12 was a proximate cause of Mrs. Kidd's injuries.

When we view the record in the light of the foregoing rules we agree with appellant that there is no evidence to support the jury's answer to Special Issue No. 13 to the effect that a failure on the part of Mr. Kidd to keep a proper lookout on the occasion in question was a proximate cause of his wife's injuries. Any possible support to this finding must be predicated upon nothing more than suspicion and surmise which amounts to no evidence at all.

We think this conclusion is supported by a reconciliation of the entire jury verdict. The jury found, and such finding is not attacked, that Mrs. Kidd, the lady who was injured, kept a proper lookout. The jury found that although Mr. Kidd failed to leave the automobile lights burning until Mrs. Kidd reached the house, and that such failure was negligence, such negligence was not a proximate cause of the lady's injuries. Moreover, the jury said that Mrs. Kidd's action in walking around the automobile to the rear instead of the front was not negligence, nor was it negligence on the part of Mr. Kidd to fail to warn his wife to avoid the construction. The jury also found that Mr. Kidd failed to instruct his wife to walk in front of the car instead of behind it but that such failure was not negligence or a proximate cause of her injuries. Finally, the jury said that Mr. Kidd's failure to provide light to illuminate his wife's walk across the yard was not negligence or a proximate cause of the wife's injuries. Each of these fragmented issues negatived the proposition that any general lack of lookout on the part of Mr. Kidd could be a proximate cause of his wife's injuries. The generality and vagueness of Special Issue 12 is accented by the failure of the court to specify whether Mr. Kidd failed to keep a proper lookout for anyone in particular. Reconciled together, the specific findings on the part of the jury ruled out the general finding of improper lookout and proximate cause.

When the testimony is viewed in its most favorable light all that can be said is that at the time and on the occasion in question Mr. Kidd, who had properly parked his automobile in the driveway according to the jury, got out of his car and took his children into the house. At the same time Mrs. Kidd alighted from the automobile and went around the car to the rear in the dark and while keeping a proper lookout, tripped over the pipe which had been admittedly left there by employees of appellee. Appellee makes no contention that the findings of primary negligence against it, together with the findings of proximate cause, are not supported by the evidence. The picture thus presented is inescapable as demonstrating the absence of any evidence which could legally justify the jury's finding that any improper lookout on the part of Mr. Kidd proximately caused his wife's injuries. We are of the view that reasonable minds can reach but one conclusion and that is that any lack of lookout on Mr. Kidd's part could not as a matter of law, constitute causation of his wife's fall. Jordan et al. v. City of Lubbock, Tex.Civ.App., 88 S.W.2d 560; Dunlap v. Executive Inn Motor Hotel Corp., Tex. Civ.App., 404 S.W.2d 842; Parham v. Norwood, Tex.Civ.App., 329 S.W.2d 506. We therefore sustain appellant's second point.

The judgment of the trial court denying appellant any recovery against Lone Star Gas Company is affirmed. The judgment denying appellant recovery against appellee J. W. "Bill" Christie, Inc., is reversed and here rendered that appellant Harvey Everett Kidd do have and recover of and from appellee J. W. "Bill" Christie, Inc. the sum of $5,285, together with interest thereon at the rate of 6 per cent per annum from May 11, 1966, together with all costs in the trial court. It is further ordered that all costs in this court be assessed against appellee J. W. "Bill" Christie, Inc.

Affirmed in part and reversed and rendered in part.