### IGOE v. PEINADO et al.
### No. 2730.

Court of Civil Appeals of Texas. El Paso.
Nov. 3, 1932.

Rehearing Denied Dec. 1, 1932.

Fryer & Cunningham, of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellees.

WALTHALL, J.

Appellees filed this suit against appellant to recover damages, actual and exemplary, for malicious prosecution for theft, in that appellant did falsely and maliciously and without probable cause complain to a justice of the peace that he had good reason to believe, and did believe, that appellees, at the time stated, unlawfully and fraudulently took from him one No. 883–B top section special lubricating board and set of jars of the value of $4, under such circumstances as to constitute theft. Appellees had been arrested, tried on said charge, and found not guilty.

Appellant defended on the ground that appellees were not arrested without probable cause, denied any malicious intent, alleged that he acted with probable cause; that prior to appellee's arrest appellant had consulted Edward C. Wade, a practicing attorney, and to him had made a full, fair, and complete disclosure of all the facts, and that thereafter, and before the issuance of warrants of arrest, said attorney and appellant consulted the assistant county attorney, and to him made a full, fair, and complete disclosure of all the facts, and that, after so doing appellant was advised by the assistant county attorney that probable cause did exist for making the complaints against appellees; that appellant acted solely upon the advice of said attorney and said assistant county attorney.

The case was tried to a jury, and resulted in a verdict and judgment against appellant for $200 actual damages, and $100 exemplary damages, from which this appeal is duly prosecuted.

On special issues submitted, the jury found that appellant was actuated by malice and without probable cause in instituting the prosecutions charging appellees with theft; that neither the appellant nor the attorney E. C. Wade made a full, fair, and complete disclosure of all the facts within his knowledge relating to the accusation of theft against appellees to the assistant county attorney, prior to the filing of the charges of theft; that the assistant county attorney advised and directed that said prosecutions be filed.

Appellant duly requested of the court an instructed verdict in his favor, and complains of the court's refusal to give such charge.

■ We have fully and carefully reviewed the entire record before us, and, while we feel reluctant to reverse the actions and finding of a jury on an issue of fact, we have concluded that the jury's finding is not supported by the evidence on the second issue submitted, viz. "Do you find from a preponderance of the evidence that the defendant or E. C. Wade made a full, fair and complete disclosure of all the facts within his knowledge relating to the accusation of theft against the

plaintiffs to R. B. Redic, Assistant County Attorney for El Paso County, Texas, prior to the filing of the charge for theft? Answer yes or no."

Without stating the evidence as detailed by witnesses, appellant, Igoe, Attorney E. C. Wade, and Assistant County Attorney Redic on the trial, it is clearly shown without controversy or contradiction that Igoe stated fully to his attorney, Wade, and thereafter Igoe and Wade together stated fully all the material facts, incidents, and circumstances relating to the matter at issue to Redic, the assistant county attorney, who thereupon advised the filing of the complaint charging theft as bailee. After stating in much detail the matters that had occurred between himself and plaintiffs, Peinado, Igoe was asked whether he related to Wade what had transpired and what he had just related to the jury, and he said he did, and that Wade advised that he thought the matters related to him showed a violation of the law, and they (the two) had better go see the county attorney, and that they did do so. Igoe said that he explained the whole matter in the presence of Wade and Redic; that he told Redic everything he knew about it, did not hold back anything; showed him the contract; Redic stated it was a plain case of theft, and drew up a complaint and asked witness Igoe to sign it, which he did, and instructed him to go to the justice of the peace and give the complaint to the justice of the peace. The evidence shows no controversy or contradiction as to what Igoe said to attorney Wade or what Igoe and Wade said to Redic, the assistant county attorney.

E. C. Wade testified: Said Igoe related to him substantially what he (Igoe) had testified to on the trial; that Igoe asked his advice. At his advice Igoe went with an officer to appellees' place of business and made a formal demand for a return of the board. He did so, and returned to his office and reported what took place. Witness and Igoe went to the assistant county attorney's office, and talked to him; called Redic's attention to the provisions in the contract; Redic was thoroughly cognizant of the contract; witness related to Redic everything that had been testified to on the trial; held back no fact known to witness. Redic advised Igoe to file the criminal complaint; said he thought the facts justified it; said Igoe came to him for advice, and with the lights before him he advised Igoe to take the course he did. The record does not show that the testimony of attorney Wade was controverted in the least.

R. B. Redic testified: The Peinado case came under his duties as a public prosecutor, and he handled it as such; was sure the lease contract was called to his attention. Attorney Wade and Igoe spoke to him about it before the case was filed. Igoe and Attorney Wade, first one and then the other, went into the matter, and told him what they claimed to be the facts in the case. Witness stated the facts related to him, and that, after the facts were stated to him, witness was of the opinion that the criminal law had been violated, and advised the filing of the complaint. Witness prepared it, advised the filing of it, and witness told Igoe to sign it. Attorney Wade and Igoe told witness everything they knew about it; witness went into it thoroughly with them. Thought then, and still thinks, appellees were guilty of the offense charged.

We have stated very briefly only the report of the material facts made to witness by Igoe and Attorney Wade. No question is made but that Attorney Wade and Assistant County Attorney Redic were in possession of all the facts known to Igoe before and at the time of filing the complaint. No contention is made in the evidence that any material fact known to Igoe and about which inquiry was made was withheld by Igoe.

■ It is well established that an adequate defense is shown where one in good faith first made a full, fair, and complete statement to the county attorney of all the material facts known to him at the time, and thereafter had acted upon that official's advice based thereon. Stein v. Greenebaum (Tex. Civ. App.) 203 S. W. 809, and cases cited. In Sebastian v. Cheney, 86 Tex. 497, 25 S. W. 691, 694, the Supreme Court, in reversing the case, said: "The court of civil appeals [24 S. W. 970] erred in not reversing the judgment of the district court, for the reason that there was no evidence that the plaintiff in error acted without probable cause, and because the advice of the county attorney, if given upon a fair statement, is a defense against this action for damages."

Under the evidence as we view it, the court should have given appellant's requested charge instructing a verdict in his favor.

The case is reversed, and judgment here rendered in favor of appellant.