UNITED STATES LIABILITY INSUR-
ANCE COMPANY, Appellant,

v.

J. M. BAGGETT and C. E. Sharpe, d/b/a
Texarkana Finance Company,
Appellees.

No. 6833.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 10, 1955.

Rehearing Denied Jan. 19, 1956.

Clark, Coon, Holt & Reed, Dallas, Kennedy & Levee, Texarkana, for appellant.

Harkness & Friedman, Texarkana, for appellees.

DAVIS, Justice.

This is a suit by J. M. Baggett and C. E. Sharpe, d/b/a Texarkana Finance Company, against United States Liability Insurance Company of Pennsylvania, to recover damages alleged to have been sustained by them on account of destruction by fire of an automobile owned by J. M. Baggett by virtue of an insurance policy issued by appellant covering the automobile owned by Baggett in which policy Sharpe doing business as Texarkana Finance Company was named as mortgagee. Appellant is a non-resident insurance corporation domiciled in Philadelphia, Pa., and without a permit to do business in Texas at the time of the issuance of the policy sued upon or at the time of the commencement of this suit. It qualified under art. 21.38, sec. 7 of the Insurance Code of Texas and the order of the trial court to defend this suit by filing the necessary bond. Appellant defended on the ground that the policy which was issued February 27, 1953, had been cancelled by notice of cancellation issued to J. M. Baggett on September 1, 1953, and deposited in the mail on September 2, 1953, with a copy to Sharpe, d/b/a Texarkana Finance Company, and that no proof of loss was filed by the insured as required by the policy.

It was the contention of appellant that the notice of cancellation complied with the provision of the policy while appellee contended that the notice of cancellation did not comply with the provision of the policy and was ineffective because the address contained in the notice of cancellation differed materially from that of appellee Baggett shown in the policy as will be hereinafter more fully discussed.

The evidence is uncontradicted that appellees did not receive either the notice of cancellation or copy.

Trial was to a jury upon special issues. After the conclusion of appellees' testimony and after both parties had rested, appellant moved for an instructed verdict which was overruled. All issues were answered in favor of appellees and judgment was rendered for appellees for the total sum of $1,170 with interest at the rate of 6% per annum from date of judgment, from which judgment appellant has perfected its appeal.

By its Point 1, appellant complains of the action of the trial court in overruling its motion for instructed verdict because the policy sued upon had been cancelled as provided for in the policy of insurance. The address of appellee Baggett as set out in the policy is as follows:

"Insured J M Baggett

Address PO Box 383
No.        Street

Maud . Bowie  Texas
Town or City County State."

The address as shown in the notice of cancellation is as follows:

"J. M. Baggett
P. O. Box 393
Maud Bowie
Texas"

The appellant also offered in evidence a receipt from the Post Office Department for one piece of ordinary mail addressed to:

"J. M. Baggett
P. O. Box 383
Maud, Bowie, Texas."

The pertinent provision of the policy relative to notice of cancellation is as follows:

"* * * This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than five days thereafter such

cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing."

There is a loss payable clause in the policy providing that any loss or damage under the policy shall be payable, as interest may appear, to Texarkana Finance Company and this loss payable clause provides for notice to the lien holder of any cancellation not less than 10 days after which such cancellation shall be effective.

Appellant contended that the notice of cancellation being exactly as stated in the policy, with copy of such notice having been mailed to Texarkana Finance Company at the address shown in the loss payable clause cancelled the policy effective as of September 10, 1953. The automobile covered by the policy was destroyed by fire on January 17, 1954.

Appellant relies most heavily upon the case of Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257, 258, no writ history. In that case the address of the insured was shown as follows:

```
" 'Ottie L. Duff
Address    47th Bomb Group, Biggs Field,
.......... (No.) .............. Street ....
El Paso        El Paso        Texas
Town or city......County.........State' ".
```

Notice of cancellation was issued and mailed to the insured as follows:

```
" 'T/Sgt. Ottie L. Duff
47th Bomb Gp.
Biggs Field, Texas.' "
```

In speaking of whether or not the notice of cancellation complied with the address stated in the policy, the court said:

"Under the above authorities a substantial compliance with the provisions of the policy relating to the address to which the notice must be mailed is not enough. A strict compliance is necessary. The situation must be viewed from the standpoint of the insured at the time the policy was issued. Did he contract for constructive notice such as was given? We have concluded that he did. We take judicial notice that there is only one post office in Texas designated 'Biggs Field, Texas'. Under the facts of this case the addition of the words 'El Paso, El Paso County' would have added nothing to insure delivery of the notice to the insured. The delivery contracted for was to the post office—not to the insured. Any reasonably intelligent post office employee reading the address would know that the envelope which contained the notice was intended for the post office at Biggs Field in El Paso County. The envelope was therefore received for delivery to the post office contracted for. The cases of Gulf Insurance Co. v. Riddle, [Tex. Civ.App., 199 S.W.2d 1000], and Hughes v. Royal Indemnity Co., supra, [Mun.Ct., 165 N.Y.S. 530], are readily distinguishable. In both of these cases the omitted portion of the address had a material bearing on the delivery of the notice to the insured. Such is not true here."

We do not think this case is in point here.

Appellees in this case contended that the address did not comply with nor conform to the one stated in the policy, because there was a variation between the Post Office box number in the notice of cancellation (Box No. 393) and the one stated in the policy and the Post Office receipt (Box No. 383). And, further, that the "Maud, Bowie, Texas" shown in the notice of cancellation and postal receipt was such a variation from the address stated in the policy that the letter could have been sent as easily to Bowie, Texas, as to Maud, Texas. Appellees offered testimony to show that Maud was not a county seat and was a small rural community of about 800 population, and that Bowie, Tex-

as, was a city with a post office in the state of Texas with a population of about 6,000. Although the trial court submitted a special issue inquiring if the defendant mailed written notice of the cancellation of the policy to Baggett at the address shown in the policy, we think that under the state of the record the question was one of law and not of fact, and have concluded that neither the address as stated in the notice of cancellation nor the Post Office receipt conformed to the address shown in the policy. The variation in the Post Office box numbers has caused us much concern and appellant has failed to explain the difference, except to state that the box number in the notice of cancellation was a typographical error and it argues that the postal receipt unqualifiedly proves that the box number as stated in the postal receipt was compared by the postal employee and found to correspond with the address on the envelope; otherwise, the postal employee would not have issued such receipt. This is reasonable argument but the address in the notice of cancellation itself in the record as made by the appellant shows a different Post Office box number from that shown in the policy, and the postal receipt.

There is no question but that the listing of two towns with Post Offices in the state of Texas is misleading; therefore, we have concluded that the variation of the Post Office box number in the notice of cancellation from that in the policy and in addressing the letter to "Maud, Bowie, Texas," was not a strict compliance with the address shown in the policy and was fatally defective. Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000, no writ history; Hughes v. Royal Indemnity Co., Mun.Ct., 165 N.Y.S. 530.

It is a well-established rule of law that to effect a cancellation of the conditions of a policy of insurance, upon which rests the insurer's right of cancellation, must be strictly complied with and followed. 45 C. J.S., Insurance, § 449, pp. 83–84; 29 Am. Jur. 283, 262; 24 Tex.Jur., Sec. 57, p. 751; or as otherwise stated, "must be strictly construed and strictly performed". Sea-

board Mutual Casualty Co. v. Profit, 4 Cir., 108 F.2d 597, loc. cit. 599 (4), 126 A.L.R. 1105.

There was testimony in the record that notice of the cancellation was mailed to Texarkana Finance Company with refund check for unearned premium enclosed, but there was no documentary proof of such mailing. Further, there is a difference in the period of time required in the policy for notice to the insured and the period of time in the loss payable clause to the mortgagee; the period of time for notice in the policy to the insured being five days and that in the loss payable clause to the mortgagee being ten days. We have concluded that notice was not issued and mailed to either the insured or the mortgagee in strict compliance with the contract of insurance, and Point 1 is overruled.

■ By Point 2 appellant complains of the action of the trial court in overruling its motion for judgment non obstante veredicto and points out that this point is germane to its assignment of error No. IV in its motion for new trial. The assignment of error No. IV in its motion for new trial reads as follows:

"The defendant adopts in toto the further grounds for new trial its motion for judgment non obstante veredicto the same as if it were copied herein verbatim. It tenders testimony in support of this motion. The defendant further says that this Honorable Court erred in its failure to grant its motion for judgment non obstante veredicto."

Appellant's motion for judgment non obstante veredicto covers eight full legal-size pages in which numerous complaints are made of the actions of the trial court. We have concluded that the assignment, although not challenged by appellees, is insufficient to state a point of error. If we attempted to write upon the same, we would have to write upon each of the numerous points set out in the motion for judgment non obstante veredicto, and the

point would then become multifarious. We do not find any statement in appellant's brief directing our attention to any specific error complained of in the motion for judgment non obstante veredicto; therefore, the point will not be considered. Commercial Travelers Ins. Co. v. Perry, Tex.Civ.App., 281 S.W.2d 130 and authorities cited therein.

■ By Points 3, 4 and 5, appellant complains of the action of the trial court in submitting special issues to the jury. We are unable to find any exceptions to the court's charge in this record, and the points were therefore waived. Rule 272, Texas Rules of Civil Procedure, and cases collated under Notes 16 and 17

■ By their 6th and 7th points appellant complains of the action of the trial court in permitting the appellees to file a trial amendment during the trial, alleging for the first time a waiver by appellant of the filing of a proof of loss as required by the policy by denying liability thereunder within the time provided for the filing of proof of loss. The record as it is before us only shows that the appellant excepted to the ruling of the court when motion was granted to file the trial amendment. No request or application was made to withdraw their announcement of ready for trial and no motion was made for continuance. In its motion for new trial it did set up the fact that appellant's only witnesses in the case were residents of Philadelphia, Pa., and that it was impossible for them to rebut the testimony offered by appellees on the question of waiver. Nowhere did it specifically deny the acts alleged and testified to as constituting a waiver of filing a proof of loss, neither did it plead surprise. The filing of the motion for continuance in such cases being a prerequisite to the pres-

ervation of the error on appeal, we think the error, if any, was waived. 8 Tex.Jur. Sup., Sec. 91, p. 140; Texas Employers Ins. Ass'n v. Sanders, Tex.Civ.App., 265 S.W. 2d 219, writ ref. NRE, and authorities cited therein. Points 6 and 7 are overruled.

■ By Point 8 appellant complains of the action of the trial court in admitting in evidence over its objection the testimony of appellees' witness Harry B. Friedman, one of appellees' attorneys, to the fact that he had received a letter from defendant denying liability on the policy in controversy within 60 days after the alleged loss. Under its statement on the point appellant directs our attention to the question of whether or not the testimony was admissible under the secondary evidence rule. The witness first testified that he had received a letter denying liability, and appellant objected on the ground that the letter would be the best evidence. The witness then stated that he had lost the letter and was unable to find it. The trial court still sustained the objection because no proper predicate had been laid, and appellees excepted. In the statement to the court the witness put the court on notice that he was in position to testify of the loss of the letter and had made diligent search for it, but could not find it. Later in the trial the court changed his ruling and stated he was going to permit the witness to testify. The witness then took the stand and testified about his diligent search for the letter and then testified as to the contents of it. No objection was made to the testimony after the witness testified that the letter was lost and he had made diligent search for it and could not find it and the point was waived. Point 8 is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.