**SOUTHWESTERN FIRE & CASUALTY COMPANY, Appellant,**

v.

**Raymond BENDEL et al., Appellees.**

No. 15462.

Court of Civil Appeals of Texas.

Dallas.

Feb. 13, 1959.

Jackson, Walker, Winstead, Cantwell & Miller, and L. P. Bickel, Dallas, for appellant.

Spafford, Spafford, Freedman, Hamlin, Gay & Russell, Lewis F. Russell, Dallas, for appellees.

CRAMER, Justice.

Appellees Raymond Bendel and his son Delain C. Bendel, filed this suit as plaintiffs against appellant, as insurer, to recover on, and under a Public Liability and Property Damage Policy the amount paid by appellees to third person for damages claimed by them as resulting from an automobile accident.

It appears that appellee Delain C. Bendel, was an airman, 3/C at Goodfellow Air Force Base, San Angelo, Texas, and that Raymond Bendel, father of Delain C. Bendel, purchased the policy from appellant Casualty Company at San Angelo, Texas, on June 19, 1953, and there is evidence that Bendel informed the Casualty Company's agent that the automobile to be insured was owned by Raymond Bendel who resided in Cape Girardeau, Missouri, and that such car was

to be used by plaintiff Delain C. Bendel, who was stationed at Goodfellow Air Force Base, San Angelo, Texas. On such information from the Bendels the Company's agent issued the property damage and public liability policy in the name of "Raymond Bendel, age 44, married. This car to be driven by A/3C Delain C. Bendel, Race White. Address 3547th Maint. Sqdn. Goodfellow Field, San Angelo, Texas, Tom Green County, Texas." And "the named insured is—an individual." and "occupation of named insured, name and address of business or employer are A/3C U. S. Air Force." The purpose for which the automobile would be used was stated "Business and pleasure."

There is an endorsement, titled "Military Personnel-Restrictive Endorsement" which recites the policy number, the name of the insured as "Raymond Bendel". And as follows: "In consideration of the premium at which this policy is written, it is agreed that: 1. The first sentence of Insuring Agreement III, Definition of Insured, is eliminated and is hereby replaced by the following: With respect to the insurance for Bodily Injury Liability and for property Damage Liability the unqualified word 'insured' includes the named insured, the individual named below, and any guardian of or person related to the individual named below and Direct family on the assured while using the automobile or legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

It further appears that on September 7, 1953, Delain C. Bendel was involved in an automobile accident about 3 miles east of Perryville, Missouri, on Highway No. 150, with an automobile owned by Robert Murphy. He then wrote the Insurance Company's agent at San Angelo, from whom he had secured the policy of insurance as follows: "A/3C Delain C. Bendel, A. F. 17360824, 3324th Stu Sqdn Box 19, Scott AFB, Ill. September 10, 1953, Blumentritt Insurance Agency, 1228 S. Oakes, San Angelo, Texas. Dear Sirs: I wish to notify

you of an accident which occurred the night of the 7th of September, 1953 approximately 3 miles east of Perryville, Missouri on the Missouri Highway No. 150. I was returning to Scott AFB, Illinois from my home in Cape Girardeau, Missouri at about 10:30 p m on Missouri Highway 150 traveling approximately 6t mph. As I came over a hill the other car involved was stopping. For a lady was involved in an accident before I arrived. While trying to stop I lost control of my car and struck the rear of the other car with my right door and front fender. The other car, a 1952 Plymouth belongs to a Robert F. Murphy, RR # 2, Belleville, Illinois. His insurance agency is Joe Vera Reamer, 421 N. 59th St. E. St. Louis, Ill. Phone # 31709. My policy No. is 50589. I was of late stationed at Goodfellow AFB, Texas, but am at present stationed at Scott AFB, Illinois. Would you please notify me as to the next step? Yours sincerely Delain Bendel." This letter was answered as follows: "Blumentritt Insurance Agency, Box 1423, San Angelo, Texas, Sept. 16, 1953. A/3C Delain C. Bendel AF 17360824–3324th Stu Sqdn. Box 19, Scott AFB, Illinois. Dear Airman Bendel: We wish to acknowledge receipt of your letter dated September 11, 1953 and regret to advise but your policy has been cancelled since July 21, 1953. Our insurance company requested cancellation and on July 9, 1953, notice was mailed at your last known address at Goodfellow Field stating that policy would be cancelled on July 19, 1953. Our records show that this letter was forwarded to you at Scott Air Force Base, Illinois and then was returned to us. Then on July 21, 1953, we sent you the attached check in the amount of $37.64 which was sent to Goodfellow Field and forwarded to Illinois and then returned to us again. We are indeed sorry that you did not receive your mail but the cancellation notice was sent to the only address that we had and enclosed find the check which is due for the return premium. Yours very truly Blumentritt Insurance Agency By /s/ M. V. Blumentritt, M. V. Blumentritt. MVB/pd."

The record also shows that thereafter Delain C. Bendel was sued by Robert Murphy in the Circuit Court of St. Clair County, Illinois. After he had employed attorneys to represent him, the suit was settled for $1,022.40. He also paid his attorneys $100 for their services in the settlement. After such settlement Bendel filed this present suit to recover the amount of such settlement plus all attorney's fee totalling $1,122.40.

The record also shows the policy contained the following provisions as to cancellation by the company as follows: "22. Cancellation. This policy may be canceled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the company mailing to the named insured at the address shown in this policy written notice stating that when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancelation stated in the notice shall become the end of the policy period. Delivery of such notice either by the named insured or by the company shall be equivalent to mailing. If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustments may be made at the time cancelation is effected and if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

■ Appellant briefs five points. Point 1 asserts: The trial court erred (1) "in holding the Insurance Policy in question was not cancelled under the terms and conditions therein contained prior to the accident in question." Point 1 is countered that "the trial court properly held that the in-surance policy in question was not cancelled prior to the accident in question."

■ The Texas Rule is well settled that an insurer in order to cancel a policy before its expiration date, must strictly comply with the policy provisions, substantial compliance is not enough. Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257, at page 258. In United States Liability Ins. Co. v. Baggett, Tex.Civ.App., 285 S.W.2d 804, 806, the policy showed the address of the insured as "Maud, Bowie, Texas." The evidence disclosed there was a post office at Maud, Texas, and also a post office in Bowie, Texas. The variations in the address in the policy, and the address to which the notice was mailed and being the same such variations was insufficient as basis for the cancellation of the policy. As stated in 45 C.J.S. Insurance § 449 p. 83, "The method or conditions of cancellation prescribed in the policy, statute, charter, or by-laws must generally be followed strictly."

The policy here names Raymond Bendel, as insured, and recites the automobile insured will be driven by A/3C Delain C. Bendel, at Goodfellow Field, San Angelo, Texas. The policy also shows the "occupation of the named insured, name and address of the business or employer are A/3C U. S. Air Force." It is not disputed that Raymond Bendel acquired the automobile for the use of his son Delain C. Bendel, and that the cancellation notice was addressed to "A/3C Raymond Bendel, 3547th Maint. Sqdn. Goodfellow Air Force Base, Texas."

There is no such person as A/3C Raymond Bendel. The address in the policy was that of A/3C Delain C. Bendel, and it is undisputed that the insurer's agent was told that Raymond Bendel lived in Cape Girardeau, Missouri, and that Delain. C. Bendel, A/3C, was stationed at Goodfellow Air Force Base, San Angelo, Texas, and would be using the automobile there. It is also undisputed that the notice of cancellation was never received by ei-.

ther Raymond Bendel or Delain C. Bendel, A/3C, and that the company's agent made no further effort to notify Raymond Bendel or Delain C. Bendel, A/3C, of the cancellation of the casualty company's policy after the notice of cancellation was returned unclaimed.

Under the authorities in Texas a cancellation of the policy can only be effected by a strict and literal compliance with conditions set out in the policy. Duff v. Secured Fire & Marine Ins. Co., Tex.Civ. App., 227 S.W.2d 257 and cases and Textbook Authorities there cited. See also United States Ins. Co. v. Brown, Tex.Civ. App., 285 S.W.2d 843, at page 847, where the rule is stated clearly: "Notice of cancellation by insurer must be in accordance with the provisions of the policy or statute, strict compliance therewith being necessary, and all ambiguities in the notice will be resolved in favor of insured." 45 C.J.S. Insurance § 450(b), (1), p. 86.

Here the policy nowhere refers to Raymond Bendel as an A/3C, however the record shows the notice of cancellation was addressed to A/3C Raymond Bendel. Raymond Bendel informed the Casualty Company's agent that he lived in Cape Girardeau, Missouri and that the automobile to be insured was to be driven by his son, A/3C Delain C. Bendel, then at Goodfellow AFB, San Angelo, Texas. The policy contains a Military Endorsement (Form 127A) on the policy which made the insured and "direct family on the assured, while using the automobile or legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

On such record we must hold that there was no cancellation of the policy in accordance with the provisions therefor in the policy.

Point one is overruled.

Points two, three and four briefed together assert error of the trial court in rendering judgment for appellees, the Ben-

dels; (2) in the absence of proof that a claim covered by the policy was made against plaintiffs or either of them; (3) when there was no proof that the settlement entered into was reasonable and necessary under the circumstances then and there attending; and (4) when there was no proof that the attorney's fees incurred were reasonable and necessary. These points are countered (2) based on the undisputed evidence the trial court properly held a claim covered by the policy was made against the plaintiffs; (3) the trial court properly rendered judgment for plaintiffs for amounts paid in settlement of claims asserted against them after defendant repudiated the insurance policy, and (4) to attorney's fee for settling claims made against them after defendant repudiated the policy providing for their defense.

The record shows appellant refused to defend, and also refused to pay the amount of the settlement made by the Bendels after such refusal to defend.

Under such a situation our Supreme Court stated in Womack v. Allstate Ins. Co., 296 S.W.2d 233, 237 (Syl. 5-6), the correct rule in Texas, applicable here: "* * * an insurance company cannot deny all liability under a contract of insurance and then be heard to say, after it has repudiated the contract, that assured should have given it notice when the action was instituted, so that it could have defended the action in accordance with the terms of the contract."

Points three and four are overruled.

Point five asserts error in entering judgment for Raymond Bendel when there was neither allegations, nor proof that he had incurred any expense or suffered any loss.

The release of Claims against the Bendels, both of whom were insured under the policy, was proper under the facts here. There is no question as to Raymond Bendel being an insured under the policy, and

that Delain C. Bendel was driving or using the automobile with the consent of the insured, all with the knowledge of the insurer, who in their policy stated it covered Raymond Bendel, at the time it was issued, and that the automobile would be driven by A/3C Delain C. Bendel, Goodfellow Field, San Angelo, Texas.

Point five is overruled.

Finding no error in the trial court's judgment it is affirmed.