**GRAND LEADER DRY GOODS COMPANY, Inc., Appellant,**

**v.**

**Kathryn M. CAVENESS et vir, Appellees.**

**No. 61.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 24, 1968.

Rehearing Denied Feb. 21, 1968.

E. R. Berry, Berry & Smither, Huntsville, for appellant.

Richard L. Stone, Stone & Stone, Jacksonville, for appellees.

BARRON, Justice.

This is a damage suit filed by Kathryn M. Caveness and husband, Buster Caveness, against Grand Leader Dry Goods Company, Inc., for injuries sustained by Mrs. Caveness by reason of the alleged negligence of the defendant, on April 21, 1965. On a jury verdict on special issues, the trial court rendered judgment for plaintiffs for $9,070.00.

The jury found: Mrs. Caveness did sustain such injury; Mrs. Bradshaw, a store employee, was negligent in falling over a filing cabinet drawer in the store; in leaving the drawer pulled out the defendant was negligent; the filing cabinet was located where it could not be used with safety and such was negligence; defendant failed to furnish plaintiff a safe place to work and as such was negligent; plaintiff's injuries were not the result of an unavoidable accident. The jury also found that each act of negligence was a proximate cause of the injuries sustained by Mrs. Caveness.

The facts are somewhat unusual. Mrs. Caveness and Mrs. Bradshaw were each

saleswomen or clerks employed by and working in Grand Leader Dry Goods Company, Inc. store at Huntsville, Texas. For several years prior to the accident, the store owned and used a display counter near the wall of the store, behind which was a filing cabinet near the end of the counter. The evidence shows that the filing cabinet was approximately 18½ inches in back of the display counter when the drawers of the cabinet were closed, leaving only a narrow space through which employees could pass while working. On the day of the accident, the top drawer of the cabinet had been left open causing the passageway to become almost blocked. The top of the drawer left open was approximately 2½ feet from the floor. It had been left open either by a janitor in the employ of the store or by Mrs. Bradshaw herself, who seldom used the filing cabinet but who had used it that day. Mrs. Bradshaw, while walking in back of the display counter a short time later, suddenly fell over the open filing cabinet. Her leg was caught between the top drawer and the display counter, causing both legs to be pinned or wedged. The drawer, or the drawer and the counter, severely cut her leg and apparently severed an artery causing profuse bleeding. While Mrs. Bradshaw was apparently helpless and her legs caught between the cabinet and the counter, and while she was lying face-up over the top drawer, Mrs. Caveness ran to help her. From plaintiff's testimony, the only thought she had was to try to move the display counter, which was a heavy one, weighing several hundred pounds. She did succeed in moving the counter enough to free Mrs. Bradshaw from the wedged condition she was in, but in doing so, she severely injured her back, which in turn caused pain in her hip and the right leg. Extended hospitalization and treatment were required. Emergency treatment was given to Mrs. Bradshaw and she was immediately taken to the hospital. No attack is made upon the amount of damages sustained by Mrs. Caveness and found by the jury.

The evidence shows that Mrs. Caveness, prior to the accident, had discussed the matter of the narrow space caused by the filing cabinet, and that she had told the manager of the store, Louie Cohn, that the counter was too close to the wall for safety.

■ The record further shows that the defendant store was within the provisions of the Workmen's Compensation Act and that it had about five employees, but that the defendant had no policy of Workmen's Compensation. Therefore, under the terms of Art. 8306, Secs. 1 and 4, defendant was deprived of its defenses such as contributory negligence, negligence of a fellow servant and assumed risk. Sears Roebuck & Co. v. Robinson, 154 Tex. 336, 280 S.W.2d 238 (Tex.Sup.); Grace Mfg. Co. v. Arp, 311 S.W.2d 278, 282 (Tex.Civ.App.), writ ref., n. r. e.

The defendant-appellant attacks the judgment of the trial court and the findings of the jury (omitting certain points of error on assumed risk and the fellow servant rule), on the grounds that the jury findings of negligence are not sustained by the evidence and that the jury was guilty of misconduct. We take the first point regarding negligence to mean and to include proximate cause since defendant argues the point both ways. We believe it is clear enough that defendant contends that as a matter of law, the injuries to Mrs. Caveness could not have been proximately caused by the negligence of the defendant as found by the jury.

■ The law is settled that the evidence must show negligence and must also show that such negligence was a proximate and not a remote cause of the resulting injuries. The evidence must justify the conclusion that such injury was the natural and probable result thereof. In order to justify such a conclusion, the evidence must justify a finding that the party committing the negligent act or acts ought to have foreseen the consequences thereof in the light

of the attendant circumstances. In spite of the above rule of law, it is not required that the particular accident complained of should have been foreseen. All that is required is that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen. Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847, 849 (Tex.Sup.); Missouri-Kansas-Texas R. Co. of Texas v. McLain, 126 S.W.2d 474 (Tex. Sup.); Motsenbocker v. Wyatt, 369 S.W.2d 319, 323 (Tex.Sup.).

■ It will be recalled that the jury found that Mrs. Bradshaw's falling over the drawer was negligence, and that such act as a proximate cause of Mrs. Kathryn Caveness' injuries. Mrs. Bradshaw was an employee of defendant acting within the scope of her employment at the time, and her acts and conduct were the acts and conduct of defendant. Especially is this true in a case against a non-subscriber under Workmen's Compensation. Art. 8306, Secs. 1 and 4. We believe that this factual situation meets the test of proximate cause, and that Mrs. Caveness' actions in going to the rescue of Mrs. Bradshaw under the circumstances is something that might reasonably be foreseen by the negligent defendant and is a natural and probable consequence of defendant's negligence. Under the undisputed evidence, it would have taken an unreasonable person to stand by and do nothing under the circumstances. Mrs. Caveness' actions were natural and humanitarian and under no theory could her conduct be considered reckless or rash. Longacre v. Reddick, 215 S.W.2d 404 (Tex. Civ.App.), Mand. Overruled; Reddick v. Longacre, 228 S.W.2d 264, 269 (Tex.Civ. App.), writ ref., n. r. e. No new force had been set in motion which, coupled with the condition created by the fall, resulted in injury to plaintiff. The occurrence was but a single event. The defendant negligently created a situation which provoked

the rescue effort and the rescuer's resulting injury was something that might well have been foreseen or anticipated. See Kelley v. Alexander, 392 S.W.2d 790, 792 (Tex.Civ.App.), writ dismd.; Keystone-Fleming Transport, Inc. v. City of Tahoka, 315 S.W.2d 656, 663 (Tex.Civ.App.), writ ref., n. r. e.; 40 Tex.Jur.2d, p. 633, Sec. 117. The law favors conduct such as that shown by the plaintiff in this case. Wichita Falls Traction Co. v. Hibbs, 211 S.W. 287 (Tex.Civ.App.), no writ history.

■ The facts concerning the above incident were sufficiently pleaded by plaintiff. However, there was no specific issue submitted to the jury which dealt with plaintiff's conduct in attempting to assist Mrs. Bradshaw. We believe, however, that the jury's findings that Mrs. Bradshaw's negligent fall was a proximate cause of Mrs. Caveness' injuries is sufficient under the definition of proximate cause and the law pertaining thereto in a case against a non-subscriber for the reasons stated above. In any event, under Rule 279, Texas Rules of Civil Procedure, when no objection or request is made, issues referable to those found by the jury but omitted are deemed to have been found by the court in such manner as to support the judgment. Sinclair Refining Co. v. Winder, 340 S.W.2d 503 (Tex.Civ.App.), writ ref.; Strauss v. LaMark, 366 S.W.2d 555, 557 (Tex.Sup.). If issues were omitted, we believe the above rule applies here.

Moreover, the facts concerning Mrs. Caveness' conduct were clear, positive and undisputed. There is no possible inference from the evidence that plaintiff was impelled to act other than to free Mrs. Bradshaw from a position of imminent peril.

What we have said above would apply to the remaining liability issues found by the jury in favor of plaintiffs.

■■ Defendant contends that the jury was guilty of misconduct in discussing whether or not defendant had insurance and in hearing the foreman of the jury state

that if he had a store manager who had not taken out insurance he would fire the manager. We overrule defendant's contention. Evidence concerning insurance was before the jury, unobjected to, that defendant did not have insurance. See Dallas Transit Co. v. Newman, 380 S.W.2d 818, 822 (Tex. Civ.App.), writ dismd.; and see 56 Tex. Jur.2d 444–445. The testimony was given by Louie Cohn, president of defendant corporation. Further, the statement was made before actual deliberation, it was not discussed, and some of the jurors did not hear it. We see no reversible error. Rules 327 and 434, T.R.C.P.

The judgment of the trial court is affirmed.