**GUERNSEY COMMUNITY FEDERAL CREDIT UNION, Appellant,**

v.

**Ramon J. GONZALEZ, Appellee.**

**No. 6495.**

Court of Civil Appeals of Texas, El Paso.

June 16, 1976.

Rehearing Denied July 14, 1976.

Joseph A. Morgan, Howard Jefferson Gibbs, El Paso, for appellant.

Bart Cox, El Paso, Blakeway, Howell & Gronquist, Victor D. Blakeway, Austin, for appellee.

## OPINION

OSBORN, Justice.

This is a malicious prosecution case in which the trial Court awarded damages based upon jury findings. We affirm.

Ramon J. Gonzalez, Appellee, while a resident of Wyoming, purchased a 1966 Chevrolet automobile, which he financed through Guernsey Community Federal Credit Union, Appellant. The loan papers were signed on September 5, 1969. On February 21, 1970, Appellee went to the Appellant's office to advise the Credit Union of his intention to move back to Texas and to seek permission to take the mortgaged automobile. He testified permission was obtained and he left an El Paso address at the Credit Union office. The employee of the Credit Union from whom he sought permission testified very emphatically that she had no authority to grant permission to remove mortgaged property, that she gave Appellee the names of the members of the Credit Union Board, and that both she and Mr. Green, a Board member, denied Appellee's request. At the time, Appellee had paid one month in advance on his note.

On February 26, 1970, the Manager of the Credit Union wrote to Appellee in El Paso advising that it was " * * * a felony upon conviction, to remove mortgaged property from the state without permission from the lein holder." Demand was made in the letter for the balance on the loan or return of the collateral. Appellee wrote to the Credit Union on two occasions and received a reply dated April 3, 1970, advising that he had committed a felony and demanding payment in full or return of the collateral to Guernsey, Wyoming, by April 15, 1970. On April 13, 1970, Appellee delivered possession of the car, keys and inspection certificate to the White Sands Federal

Credit Union, near El Paso, which he testified was in keeping with a telephone conversation he had with the Guernsey Credit Union Manager.

Prior to the time that Appellee delivered the car to White Sands, Mr. Glenn Gorman, President of the Credit Union, had contacted the office of the County Attorney in Wyoming concerning this matter, and once it was determined that the car definitely had been taken out of the State, a complaint was prepared and signed by Mr. Gorman on April 15, 1970. A warrant was issued and Appellee was arrested at work on July 12, 1970. Shortly thereafter, he was released on bond, but was rearrested on July 14, 1970, and extradited to Wyoming on August 16, 1970, following a habeas corpus proceeding in the district court in El Paso in which a writ was denied. Following a preliminary hearing before a justice of the peace on August 24, 1970, Appellee was bound over to the district court for trial and then released on a cash bond. On February 7, 1974, the charges were dismissed on the motion of the County Attorney, who acted at the direction of the District Judge, because of the delay in prosecuting the complaint. See *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

In the trial of this case, the jury (1) failed to find that Mr. Gorman filed the complaint upon the advice of the Assistant County Attorney after a full and fair statement of all facts known to him; (2) found Mr. Gorman acted without probable cause in filing the criminal complaint; (3) found Mr. Gorman acted with malice; (4) found Ramon Gonzalez sustained actual damages as a direct and proximate result of having been named in the complaint; (5) found actual damages of $15,000.00; and (6) failed to find that exemplary damages should be assessed.

■ The Appellant presents six points of error. Point One contends that the trial Court erred in failing to grant its motion for instructed verdict. The Appellant did not file a motion for new trial and the grounds asserted in the motion for instructed verdict have not been preserved for appellate review. Rules 324 and 325, Tex.R. Civ.P.; *J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538 (Tex.1968); O'Connor, Appealing Jury Findings, 12 Hous.L.Rev. 65, 71 (1974). Point One is overruled.

■ Point Two asserts that there is no evidence to support the jury finding to special issue number one. The answer to the issue was "No," a negative finding on an issue where the Appellant had the burden of proof. The "no evidence" point does not raise an issue for review. The negative answer means Appellant failed to convince the jury by a preponderance of the evidence as to the affirmative of the issue. Since evidence is not required to support a negative answer, the fact that there is "no evidence" is immaterial. *Prunty v. Post Oak Bank*, 493 S.W.2d 645 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.); *Smith v. Safeway Stores, Inc.*, 433 S.W.2d 217 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); 12 Hous.L.Rev., supra, at 78.

■ In addition, it should be noted that the issue as submitted was defective because it did not inquire whether or not Mr. Gorman in "good faith" sought the advice of the Assistant County Attorney. See Annot., 10 A.L.R.2d 1215, 1244 (1950). In *Sebastian v. Cheney*, 86 Tex. 497, 25 S.W. 691 (1894), the Court noted that it was essential that one seeking the advice of a county attorney must do so in good faith. In *Stein v. Greenebaum*, 203 S.W. 809 (Tex. Civ.App.—Galveston 1918, no writ), the Court said " * * * and the issue of appellee's good faith, under all the facts, should have gone to the jury." This Court reiterated the rule in *Igoe v. Peinado*, 54 S.W.2d 556 (Tex.Civ.App.—El Paso 1932, no writ) when the Court said " * * * that an adequate defense is shown where one in good faith first made a full, fair, and complete statement to the county attorney * * *." It is difficult to believe that the jury could have found for the Appellant on the issue of good faith in view of its finding

of malice and a lack of probable cause, but since the issue was omitted and the trial Court entered judgment for Appellee, we must presume that any omitted issues were found in favor of the judgment which the trial Court entered. *Strauss v. LaMark,* 366 S.W.2d 555 (Tex.1963); *Grand Leader Dry Goods Company v. Caveness,* 424 S.W.2d 270 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). Point of error number two is overruled.

Point Three asserts that there is no evidence to support the jury finding that Glenn Gorman acted without probable cause in filing the criminal complaint. Under the "no evidence" point, we consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). The trial Court defined probable cause to mean " * * * the existence of such facts and circumstances as would excite the belief in a person of a reasonable mind, acting on the facts or circumstances within his knowledge, that the person charged by him was guilty of the charge with which he was charged." According to the testimony of the County Attorney, there are three elements of the offense, namely: (1) removal of mortgaged property, (2) with intent to deprive the mortgagee of the security, and (3) the removal is without the written consent of the mortgagee. Only the second element was in dispute in this case.

Considering only the evidence favorable to the jury finding, it indicates that Mr. Gonzalez did not leave Wyoming until he had informed the Credit Union of his intention and left his new address in El Paso. At that time, he was one month in advance on his note payments. On two occasions he wrote to the Credit Union and he indicated an intention to transfer his account to the White Sands Federal Credit Union. The letter stated that if the Guernsey Federal Credit Union could not wait for the transfer, he would turn the car in to the manager at White Sands. After the letter demanding payment by April 15, he did in fact turn the collateral over to the White Sands Federal Credit Union on April 13th. Certainly this evidence indicates that there was no intent to deprive the mortgagee of its security and that, in view of the telephone call in which Mr. Gonzalez said he was told he could turn the car in at White Sands, he was doing the best he could under the circumstances to see that the security was returned.

In *Kempton v. State,* 488 P.2d 311 (Wyoming 1971), the Court considered the issue of intent in a criminal case where mortgaged property had been removed from the state and said:

"It can hardly be expected that a defendant in a case of this kind is going to take the witness stand and say he intended to deprive the bank of its security. Therefore, defendant's intent necessarily has to be inferred from what he does. It is proved not only by what he has done before leaving the state, or at the time of leaving; it is proved largely by what he does after leaving. His future course of action speaks louder than anything else with respect to a previously acquired intent."

Certainly leaving a new address, corresponding with the Credit Union and subsequently delivering the car to another Credit Union as agreed to in a telephone conversation does not indicate an intent to deprive the mortgagee of possession of its security. We cannot say that there is "no evidence" to support the jury finding. Point of error number three is overruled.

Point of error number four asserts that there is no evidence to support the jury finding that Glenn Gorman acted with malice in filing the criminal complaint. Again, we consider only the evidence and inferences in support of the jury finding. *Garza v. Alviar,* supra. Mr. Gonzalez testified that when he first contacted the Credit Union office about going back to Texas with the car, the lady at the office " * * * told me it was all right and she would get in touch with me which they did a week or five days later." When he wrote about the

matter, Mr. Gonzalez never denied the debt or suggested that he would not return the security. He did seek additional time and some forbearance even though he was not yet delinquent. Later, he called the Credit Union Manager and told her he would turn the car in at White Sands, and, according to his testimony, "She said, that's all right. We'll pick it up over there." At that time, Appellee had made five payments and released the security. Within two days, the complaint was filed.

In discussing the element of the offense of malicious prosecution, Prosser states:

"The defendant's improper purpose usually is proved by circumstantial evidence. The plaintiff must establish malice in addition to the absence of probable cause; but, since there can be no legitimate purpose in a prosecution unless there is an honest belief in the guilt of the accused, it is generally agreed that the lack of probable cause may give rise to an inference of malice, sufficient to carry the question to the jury." Prosser, Law of Torts, 4th ed., at 848–849.

In *Underwood Typewriter Co. v. Shouldis,* 253 S.W. 935 (Tex.Civ.App.—Galveston 1923, no writ), the Court in a malicious prosecution case said:

" * * * malice may be inferred from circumstances and need not be proved by direct evidence; indeed, in applying this rule, the authorities go to the extent of holding that, 'in a legal sense, any unlawful act done willfully or purposely to the injury of another is, as against that person, malicious.' * * * "

Based upon the favorable evidence and inferences, we cannot say there is no evidence to support the jury answer to special issue number three and the fourth point is overruled.

■ Appellant complains in Point Five that there is no evidence to support the finding in issue number four that Appellee sustained actual damages, and that such finding is immaterial, and further, in Point Six, that there is no evidence to support the

damages as found in issue number five and that that finding is immaterial. Since these are both "no evidence" points, we again consider only the favorable evidence and inferences.

Mr. Gonzalez testified that he was initially arrested at work and jailed over the weekend until bond was made. A month later, he was arrested again and kept in custody for over a month and released only after a preliminary hearing in Wyoming and an $1100.00 cash bond was posted. His family actually paid $960.00 to the Credit Union, plus attorneys' fees in Texas and Wyoming for the various hearings. Once he was able to return home, he had difficulty finding employment because of his arrest record. His present employer even required him to submit to a polygraph examination. From this testimony, we cannot conclude that there is no evidence to support the jury findings on the actual damage issues. Points Five and Six are overruled.

We conclude that Appellee established his cause of action. *J. C. Penney Company v. Gilford,* 422 S.W.2d 25 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.). The judgment of the trial Court is affirmed.

### ON MOTION FOR REHEARING

The Appellant in its motion for rehearing states that the Court erred in the quote from the letter of the manager of the Credit Union to Appellee, dated February 26, 1970, and suggests that the letter made mention of "written permission." Counsel apparently has not reviewed that letter recently. Our quote was the exact language used in the letter, and the letter makes no mention whatsoever of "written permission."

The motion for rehearing also urges that the Court erred in overruling Appellant's Point One because it was based upon the overruling of his motion for judgment non obstante veredicto. Clearly, such is not the case. Point One from the brief for the Appellant is as follows:

"The trial Court erred as a matter of law in failing to grant Defendant's Motion for an instructed verdict."

In the statement under that point on pages 7 through 9 of the brief, there is absolutely no mention of a motion non obstante veredicto. In the argument under that point on pages 9 through 16, there is absolutely no mention of a motion for judgment non obstante veredicto. In the argument under Point One, it is noted on page 15 of the brief that at the conclusion of the trial Appellant requested an instructed verdict, which was denied, and on page 16 of the brief, it is submitted that the trial Court erred as a matter of law in not granting Defendant's motion for an instructed verdict at the conclusion of the testimony in the case. Thus, we believe, that the point and the argument are all directed to the action of the trial Court in overruling a motion for instructed verdict, and as stated in the original opinion, any error in that regard has not been preserved for appellate review.

■ Even if the point had stated that the trial Court erred in failing to grant Defendant's motion for judgment non obstante veredicto, rather than stating as it did that there was error in failing to grant Defendant's motion for instructed verdict, the point still would not have been proper. Such a point is too general and does not specify the specific error complained about on appeal. This exact issue was before the Court in *Tindall v. Tacconelly,* 328 S.W.2d 909 (Tex.Civ.App.—San Antonio 1959, writ ref'd n. r. e.), where Justice Pope writing for the Court said:

" * * * The single point urged here, which is grounded upon and germane to the order overruling the motion for judgment non obstante veredicto, states: 'The trial court erred in overruling Defendants' motion for judgment non obstante veredicto.' The rule requires a point to refer to the 'particular error relied upon.' *Missouri-Kansas-Texas Railroad Co. v. McFerrin,* 156 Tex. 69, 291 S.W.2d 931, 941. In *United States Liability Ins. Co.*

*v. Baggett,* Tex.Civ.App., 285 S.W.2d 804, 807, the same point was urged and the Court considered it too general saying: 'If we attempted to write upon the same, we would have to write upon each of the numerous points set out in the motion for judgment non obstante veredicto, and the point would then become multifarious.' Accord, *Pride v. Pride,* Tex.Civ.App., 318 S.W.2d 715, 720. * * * "

To the same effect are the holdings in *United States Liability Insurance Company v. Baggett,* 285 S.W.2d 804 (Tex.Civ.App.— Texarkana 1955, writ ref'd n. r. e.), and *International Security Life Insurance Company v. Robichau,* 510 S.W.2d 132 (Tex.Civ. App.—Beaumont 1974, no writ).

We have considered the remainder of the motion for rehearing and find it to be without merit.

Appellant's motion for rehearing is overruled.